## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTELLECTUAL VENTURES I LLC**<br>**and INTELLECTUAL VENTURES II**<br>**LLC,**<br><br>  **Plaintiffs,**<br><br>  **v.**<br><br>**SENDAI NIKON CORPORATION,**<br>**NIKON IMAGING JAPAN INC.,**<br>**NIKON AMERICAS INC., and NIKON**<br>**INC.,**<br><br>  **Defendants.** | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual Ventures II LLC ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II") for their Complaint against Defendants Sendai Nikon Corporation, Nikon Imaging Japan Inc., Nikon Americas Inc., and Nikon Inc. (collectively, "Nikon"), hereby allege as follows:

### PARTIES

1.      Intellectual Ventures I is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

2.      Intellectual Ventures II is a Delaware limited liability company with its principal place of business located in Bellevue, Washington.

3.      Defendant Sendai Nikon Corporation is a corporation organized under the laws of Japan having a principal place of business at 277, Aza-hara, Tako, Natori, Miyagi, 981-1221, Japan.

4.      Defendant Nikon Imaging Japan Inc. is a corporation organized under the laws of Japan, having a principal place of business at 4-1, Shibaura 3-chome, Minato-ku, Tokyo, 108-0023, Japan.

5.      Defendant Nikon Americas Inc. is a corporation organized under the laws of Delaware, having a principal place of business at 1300 Walt Whitman Road, Melville, New York, 11747-3064. Nikon Americas Inc. may be served with process through Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

6.      Defendant Nikon Inc. is a corporation organized under the laws of New York, having a principal place of business at 1300 Walt Whitman Road, Melville, New York, 11747-3064. Nikon Inc. may be served with process through the New York Department of State's office at One Commerce Plaza, 6th Floor, 99 Washington Avenue, Albany, NY 12231.

## NATURE OF THE ACTION

7.      This is a civil action for the infringement of United States Patent No. 6,121,960, United States Patent No. 6,181,836, United States Patent No. 6,221,686, United States Patent No. 6,979,587, and United States Patent No. 7,733,368 (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

9.      This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District. These acts have caused and continue to cause injury to Intellectual Ventures I and II within the District. Defendants derive substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce. In addition, Defendants knowingly induce

2

infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating instructions and other materials for the products with like mind and intent.

10.     Venue is proper in this judicial district as to Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

11.     Paragraphs 1-10 are reincorporated by reference as if fully set forth herein.

12.     On September 19, 2000, United States Patent No. 6,121,960 ("the '960 Patent"), titled "Touch Screen Systems And Methods," was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '960 Patent is attached hereto as Exhibit A.

13.     Intellectual Ventures II owns the '960 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

14.     On January 30, 2001, United States Patent No. 6,181,836 ("the '836 Patent"), titled "Method And System For Non-Destructive Image Editing," was duly and lawfully issued by the PTO. The '836 Patent is attached hereto as Exhibit B.

15.     Intellectual Ventures I owns the '836 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16.     On April 24, 2001, United States Patent No. 6,221,686 ("the '686 Patent"), titled "Method Of Making A Semiconductor Image Sensor," was duly and lawfully issued by the PTO. The '686 Patent is attached hereto as Exhibit C.

17.     Intellectual Ventures II owns the '686 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18.     On December 27, 2005, United States Patent No. 6,979,587 ("the '587 Patent"), titled "Image Sensor And Method For Fabricating The Same," was duly and lawfully issued by the PTO. The '587 Patent is attached hereto as Exhibit D.

19.     Intellectual Ventures II owns the '587 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     On June 8, 2010, United States Patent No. 7,733,368 ("the '368 Patent"), titled "Virtual Reality Camera," was duly and lawfully issued by the PTO.  The '368 Patent is attached hereto as Exhibit E.

21.     Intellectual Ventures I owns the '368 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## FACTUAL BACKGROUND

22.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.  Since its founding, Intellectual Ventures has been deeply involved in the business of invention.  Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities, and other institutions.  A significant aspect of Intellectual Ventures' business is managing the plaintiffs in this case, Plaintiffs Intellectual Ventures I and Intellectual Ventures II.

23.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, a frequently difficult task for individual inventors.  To date, Intellectual Ventures has built a portfolio of more than 35,000 assets and more than 3,000 of those patents and patent applications are the result of Intellectual Ventures' own invention efforts, both in-house and with Intellectual Ventures' inventor network.  Intellectual Ventures has paid individual inventors more than $400 million for their inventions.  Intellectual Ventures, in turn, has earned more than $2 billion by licensing these patents to some of the world's most innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, consumer products, and a host of other products.

24.     Intellectual Ventures also develops its own inventions.  Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world. Intellectual Ventures also has invested in laboratory facilities to assist with the development and testing of new ideas.

25.     Intellectual Ventures also develops inventions by collaborating with inventors and research institutions around the world.  For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

26.     Nikon is a global company that designs, manufactures, and/or markets consumer electronics, including digital single-lens reflex ("DSLR") cameras, compact digital cameras, and imaging software.

27.     Beginning in 2008, Intellectual Ventures approached Nikon about taking a license to Intellectual Ventures' patents.  Over the next several months, Intellectual Ventures attempted to meet and negotiate license terms with Nikon; however, Nikon declined to meet with Intellectual Ventures.  In 2011, Intellectual Ventures again attempted to contact Nikon and negotiate license terms.  However, Intellectual Ventures' attempts were unsuccessful and discussions stalled.  Despite Intellectual Ventures' good-faith efforts to negotiate a business solution, Nikon has failed and refused to license Intellectual Ventures' patents on reasonable terms, and continues to use those inventions without permission.

## COUNT I

### (Nikon's Infringement of the '960 Patent)

28.     Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29.     Nikon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '960 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Nikon's Coolpix S4100 and S6100 cameras) without authority and in violation of 35 U.S.C. § 271.

30.     Intellectual Ventures II has suffered damage as a result of Nikon's infringement of the '960 Patent.

## COUNT II

### (Nikon's Infringement of the '836 Patent)

31.     Paragraphs 1-30 are incorporated by reference as if fully restated herein.

32.     Nikon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '836 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital photo editing software (including but not limited to Nikon's Capture NX2 software) without authority and in violation of 35 U.S.C. § 271.

33.     Intellectual Ventures I has suffered damage as a result of Nikon's infringement of the '836 Patent.

## COUNT III

### (Nikon's Infringement of the '686 Patent)

34.     Paragraphs 1-33 are incorporated by reference as if fully restated herein.

35.     Nikon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '686 Patent by making, using, offering to sell, selling and/or importing in or into the United

States digital imaging products (including but not limited to Nikon's D3s DSLR camera) without authority and in violation of 35 U.S.C. § 271.

36.     Intellectual Ventures II has suffered damage as a result of Nikon's infringement of the '686 Patent.

## COUNT IV

### (Nikon's Infringement of the '587 Patent)

37.     Paragraphs 1-36 are incorporated by reference as if fully restated herein.

38.     Nikon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '587 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Nikon's D3100 camera) without authority and in violation of 35 U.S.C. § 271.

39.     Intellectual Ventures II has suffered damage as a result of Nikon's infringement of the '587 Patent.

## COUNT V

### (Nikon's Infringement of the '368 Patent)

40.     Paragraphs 1-39 are incorporated by reference as if fully restated herein.

41.     Nikon, either alone or in conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '368 Patent by making, using, offering to sell, selling and/or importing in or into the United States digital imaging products (including but not limited to Nikon's Coolpix S3100 camera) without authority and in violation of 35 U.S.C. § 271.

42.     Intellectual Ventures I has suffered damage as a result of Nikon's infringement of the '368 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Intellectual Ventures I and II respectfully request the following relief:

a)      A judgment that Nikon has infringed the '960 Patent;

b)      A judgment that Nikon has infringed the '836 Patent;

c)      A judgment that Nikon has infringed the '686 Patent;

d)      A judgment that Nikon has infringed the '587 Patent;

e)      A judgment that Nikon has infringed the '368 Patent;

f)      A judgment that Intellectual Ventures I be awarded all appropriate damages under 35 U.S.C. § 284 for Nikon's past infringement and any continuing or future infringement of the '836 and '368 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures I for Nikon's infringement, an accounting:

> a.   that Intellectual Ventures I be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and
>
> b.   that Intellectual Ventures I be awarded such further relief at law or in equity as the Court deems just and proper.

g)      A judgment that Intellectual Ventures II be awarded all appropriate damages under 35 U.S.C. § 284 for Nikon's past infringement and any continuing or future infringement of the '960, '686, and '587 Patents up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Intellectual Ventures II for Nikon's infringement, an accounting:

> a.   that Intellectual Ventures II be awarded the attorney fees, costs, and expenses that it incurs in prosecuting this action; and
>
> b.   that Intellectual Ventures II  be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II hereby demand trial by jury on all claims and issues so triable.

DATED:   October 26, 2011

Respectfully submitted,

  /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Of Counsel*
John M. Desmarais
Alan S. Kellman
John C. Spaccarotella
Jonas R. McDavit
Xiao Li
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
jdesmarais@desmaraisllp.com
akellman@desmaraisllp.com
jspaccarotella@desmaraisllp.com
jmcdavit@desmaraisllp.com
xli@desmaraisllp.com

*Counsel for Plaintiffs*