# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SENDAI NIKON CORPORATION, NIKON IMAGING JAPAN INC., NIKON AMERICAS INC., and NIKON INC.,<br><br>　　　　　Defendants. | C.A No. 11-1025-SLR |

## OPENING BRIEF IN SUPPORT OF MOTION OF DEFENDANTS NIKON INC. AND NIKON AMERICAS INC. TO DISMISS PLAINTIFFS' CLAIMS OF INDUCED AND JOINT INFRINGEMENT

*Of Counsel:*

Jesse J. Jenner
Laurence S. Rogers
Andrew T. Radsch
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile:  (212) 596-9090
jesse.jenner@ropesgray.com
laurence.rogers@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

Dated:  January 17, 2012

{00593742;v1}

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II. SUMMARY OF ARGUMENT ........................................................................................1

III. STATEMENT OF FACTS ALLEGED ............................................................................2

IV. LEGAL STANDARDS ....................................................................................................4

    A. The Elements Of Active Inducement Of Infringement ...........................................4

    B. The Elements Of Joint Infringement .......................................................................5

V. ARGUMENT .....................................................................................................................5

    A. Plaintiffs' Complaint Fails To Adequately Plead Induced Infringement ...............5

    B. Plaintiffs' Complaint Fails To Adequately Plead Joint Infringement ....................9

VI. CONCLUSION .................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
   No. 02:10-cv-1699, 2011 WL 2601043 (W.D. Pa. June 30, 2011) .........................................11

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   629 F.3d 1311 (Fed. Cir. 2010) ................................................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................................8, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................8

*Eon Corp. IP Holdings LLC v. Flo TV Inc.*,
   Civ. No. 10-812-SLR, 2011 WL 2708945 (D. Del. July 12, 2011) ................................. passim

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ....................................................................................................................8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   __ U.S.__, 131 S. Ct. 2060 (2011) .................................................................................9, 10, 12

*Leader Techs. Inc. v. Facebook, Inc.*,
   770 F. Supp. 2d 686 (D. Del. 2011) .........................................................................................9

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) .......................................................................................11

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008) ..............................................................................................13

*Realtime Data, LLC v. Stanley*,
   721 F. Supp. 2d 538 (E.D. Tex. 2010) ...................................................................................11

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
   647 F. Supp. 2d 323 (D. Del. 2009) .......................................................................................10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ..........................................................................................9, 12

*XPoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ........................................................................8, 9, 10, 12

**STATUTES**

35 U.S.C. § 271(b) ................................................................................................6, 8, 9, 12

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants Nikon Inc. and Nikon Americas Inc. (collectively, "Nikon U.S.") respectfully move to dismiss the claims brought by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") for induced and joint patent infringement. Plaintiffs' allegations fall far short of the pleading standards articulated by the Supreme Court, the Federal Circuit, and decisions of this Court. Not only does Plaintiffs' Complaint fail to provide the necessary factual content to support their claims, it does not even allege all of the elements of their claims. As a result, Plaintiffs' induced and joint infringement claims should be dismissed.[1]

## I. NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2011, Plaintiffs filed their Complaint against Nikon U.S. and co-defendants Sendai Nikon Corp. and Nikon Imaging Japan Inc. (collectively, "Nikon Japan"), alleging that each defendant has infringed five of Plaintiffs' patents: U.S. Patent Nos. 6,121,960; 6,181,836; 6,221,686; 6,979,587; and 7,733,368 (the "Asserted Patents"). (D.I. 1 at Counts I, II, III, IV, and V). In lieu of filing an answer, Nikon U.S. now moves to dismiss Plaintiffs' claims for induced and joint infringement for failure to state a claim upon which relief can be granted.

## II. SUMMARY OF ARGUMENT

Plaintiffs' allegations of induced and joint infringement fail to meet the pleading standards articulated by the United States Supreme Court and decisions of this Court, and do not fairly put Nikon U.S. on notice of Plaintiffs' grounds for relief. The entirety of Plaintiffs' allegations of infringement for each of the five Asserted Patents is that "Nikon, either alone or in

---

[1] In a separate joint motion being filed contemporaneously herewith, the remaining defendants Sendai Nikon Corporation and Nikon Imaging Japan Inc. (collectively, "Nikon Japan") are moving this Court to (1) dismiss the Complaint as to each of them under Rule 12(b)(2), Fed. R. Civ. P., for lack of personal jurisdiction, or (2) in the alternative, should that motion not be granted, to dismiss Plaintiff's induced and joint patent infringement claims brought against them.

conjunction with others, has infringed and/or induced others to infringe, literally and/or under the doctrine of equivalents, one or more claims of" the Asserted Patents. (D.I. 1, ¶¶ 29, 32, 35, 38, and 41) Such threadbare allegations are inadequate.

With regard to the induced infringement claims, Plaintiffs have not sufficiently alleged, let alone set forth any facts to support, a cause of action for active inducement of infringement. Plaintiffs have not alleged, as required by law, that Nikon U.S. had (1) knowledge of any of the Asserted Patents, (2) specific intent to induce others to infringe, or (3) knowledge that the activities Nikon U.S. is alleged to have induced would in fact infringe. Plaintiffs do not even identify any direct infringers, or the infringing activities, that Nikon U.S. purportedly induced. Without such allegations, a cause of action for active inducement of infringement under 35 U.S.C. § 271(b) fails as a matter of law.

With respect to Plaintiffs' apparent claim for joint infringement, Plaintiffs' simple allegation that Nikon U.S. has infringed "in conjunction with others" also fails as a matter of law. Plaintiffs have not identified the "others" with whom Nikon U.S. allegedly jointly infringes. Nor have Plaintiffs alleged, or set forth any facts to support any such allegation, that Nikon U.S. satisfies the Federal Circuit's "control or direction" standard for joint infringement.

Just as this Court has granted motions to dismiss similarly inadequate claims of induced and joint infringement, *see, e.g.*, *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, Civ. No. 10-812-SLR, 2011 WL 2708945, at *3-*5 (D. Del. July 12, 2011), Nikon U.S. respectfully requests that the Court dismiss Plaintiffs' conclusory and unsupported allegations in this case.

### III.   STATEMENT OF FACTS ALLEGED

Nikon U.S. are accused of direct and induced infringement, and also appear to be accused of joint infringement with other, unspecified persons or entities. Each of Plaintiffs' allegations for each of the Asserted Patents is nearly identical, such that each is as threadbare as the next,

with the only differences being the identification of the patent asserted and the product(s) alleged to infringe. Each of the counts alleges in conclusory fashion that:

> Nikon, either alone *or in conjunction with others*, has infringed and/*or induced others to infringe*, literally and/or under the doctrine of equivalents, one or more claims of [the Asserted Patents] by making, using, offering to sell, selling and/or importing in or into the United States [the accused products] without authority and in violation of 35 U.S.C. § 271.

(D.I. 1, ¶¶ 29, 32, 35, 38, and 41; emphasis added) Plaintiffs set forth no factual allegations to support their claims of induced or joint infringement.[2]

Elsewhere in the Complaint, Plaintiffs allege that they previously attempted to negotiate "license terms" with the Nikon defendants, but that Nikon refused to license "Intellectual Ventures' patents." (D.I. 1, ¶ 27) Glaringly absent from these allegations, and from any others, is any averment that Intellectual Ventures ever identified any of the Asserted Patents to Nikon U.S. (or any other Nikon entity) or otherwise gave Nikon U.S. (or any other Nikon entity) notice of the Asserted Patents prior to filing this suit.[3] Nothing in the Complaint thus alleges, or even implies, that Nikon U.S. (or any other Nikon entity) had any knowledge of any of the asserted patents prior to the filing of the Complaint.

---

[2] Intellectual Ventures' allegations in this case are nearly identical in their brevity and vagueness to the allegations Intellectual Ventures asserted in a previously-filed suit in this Court, in which the same five patents are asserted. *See Intellectual Ventures I LLC et al. v. Canon Inc., et al.*, C.A. No. 11-792-SLR, Docket No. 1 (filed Sept. 9, 2011). The Defendants in that case have moved to dismiss the induced infringement charges on similar grounds. *See id.*, Docket Nos. 15 and 18.

[3] That the allegations in Plaintiff's Complaint regarding attempts to negotiate a license have nothing to do with the Asserted Patents is underscored by the Complaint's carefully worded language. Whenever the Complaint refers to any of the five Asserted Patents, it uses the defined terms "the '960 Patent," "the '836 Patent," "the '686 Patent," "the '587 Patent," "the '368 Patent," and/or the "Patents-in-Suit." (D.I. 1, *e.g.* ¶¶ 7, 12-21, 29-30, 32-31, 35-36, 38-39, 41-42) No such references appear in connection with Plaintiffs' allegations of a license offer. (D.I. 1, ¶ 27).

## IV. LEGAL STANDARDS

A complaint must include sufficient allegations "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). Although the Court must accept as true all material allegations of the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the "complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Twombly*, 550 U.S. at 555. The complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In other words, a complaint must do more than aver an entitlement to relief; it must "show" such an entitlement through its factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (citation omitted).

District Courts are encouraged to identify deficiencies in a complaint "at the point of minimum expenditure of time and money by the parties and the court," *i.e.*, at the pleading stage. *Twombly*, 550 U.S. at 558 (internal citations omitted). Permitting improperly pled claims to be used as a license for discovery imposes substantial and unwarranted costs on litigants. *Id.*

### A. The Elements Of Active Inducement Of Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." As this Court has recognized, "[t]o demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (citations omitted). "As such, a complaint stating a claim for inducement must allege the requisite knowledge and intent." *Id.* (citing *Mallinckrodt Inc. v. E-Z-*

*EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009)). With regard to the knowledge requirement, the Supreme Court recently confirmed that "§ 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, __ U.S.__, 131 S. Ct. 2060, 2068 (2011); *cf. Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (stating that "the mere knowledge of possible infringement will not suffice" for induced infringement) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006)).

     **B.**     **The Elements Of Joint Infringement**

"[D]irect infringement requires a single party to perform every step of a claimed method." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1318 (Fed. Cir. 2010). In cases where more than one party performs the claimed steps, "liability for direct infringement may be established under a joint infringement theory." *Leader Techs. Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 695 (D. Del. 2011). "Joint infringement will only lie, however, if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.*, the 'mastermind.'" *Eon Corp.*, 2011 WL 2708945, at *4 (quoting *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008)) (internal quotation marks omitted).

In line with these elements of proof, a party asserting a joint infringement theory must satisfy a "heightened pleading requirement" ― that is, a party must plead more than just direct infringement. *Id.* at *5. Specifically, a complaint must "satisfy the Federal Circuit's 'control or direction' standard for joint infringement claims on motions to dismiss." *Id.*

**V.**     **ARGUMENT**

     **A.**     **Plaintiffs' Complaint Fails To Adequately Plead Induced Infringement**

Plaintiffs' barebones allegations that each of the two Nikon U.S. defendants "has infringed and/or induced others to infringe" the Asserted Patents are insufficient to survive a

motion to dismiss. The claim should be dismissed.

The Complaint fails to allege any facts to support its claim for inducement. The allegation that Nikon U.S. has "induced" other unspecified parties to infringe Plaintiffs' patents is an attempt to charge Nikon U.S. with indirect infringement of the patents. *See* 5-17 Chisum on Patents § 17.01 ("Indirect infringement refers to the acts set forth in Sections 271(b) and 271(c), inducing or contributing to direct infringement by other persons."). But asserting a bald charge of indirect infringement is not enough. *See, e.g., Xpoint Techs.*, 730 F. Supp. 2d at 356 (dismissing indirect infringement claims where "plaintiff simply inserts, where it lodges an allegation of direct infringement, that defendants were 'directly and/or indirectly' infringing").

Rather, to assert a claim for indirect infringement by actively inducing a third party to infringe, Plaintiffs must allege (1) that a third party has directly infringed the patents, (2) Nikon U.S. had **knowledge** of the Asserted Patents, (3) Nikon U.S. also had **knowledge** that the allegedly induced acts of the third party constituted infringement, and (4) Nikon U.S. had the **specific intent** to cause the alleged direct infringer to infringe. *See Global-Tech.*, 131 S. Ct. at 2068-69; *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) ("To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'") (quoting *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)). But Plaintiffs' Complaint does not allege any of those things. Even if it had, Plaintiffs were required to do more than simply allege those bare elements of their claims. *See EON Corp.*, 2011 WL 2708945, at *2 ("'[A] formulaic recitation of the elements of a cause of action will not do.'") (citation omitted). They were required to allege sufficient facts that would allow the court to infer, assuming for purposes of

the motion that the facts were true, that Plaintiffs are entitled to relief. *Iqbal*, 129 S. Ct. at 1949. Plaintiffs have not done so, and their induced infringement claims thus should be dismissed. *See, e.g.*, *EON Corp.*, 2011 WL 2708945, at *4 (dismissing induced infringement claim because "Plaintiff fails to allege sufficient facts that would allow the court to infer that defendants had any knowledge of the '757 patent at the time they were committing the allegedly infringing activities").

First, Plaintiffs have not alleged any underlying direct infringement that either Nikon U.S. defendant has allegedly actively induced. Direct infringement by another is, of course, a prerequisite to there being any induced infringement. *Mallinckrodt Inc.*, 670 F. Supp. 2d at 354 ("Claims for indirect infringement cannot exist in the absence of direct infringement."). Plaintiffs merely allege that Nikon has induced "others" to infringe, without identifying who those "others" are or what their alleged infringing activity was. Plaintiffs' failure to identify any of those critical facts is fatal, and is a first independent reason why their induced infringement claims should be dismissed. *See, e.g.*, *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-1699, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing induced infringement claims in part because "the Complaint fails to identify any third party infringement of the [Asserted] Patents as a result of [defendant's] activities"); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 544 (E.D. Tex. 2010) ("As recent decisions make clear, indirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where a plaintiff's complaint . . . fails to identify a direct infringer in reference to its indirect infringement claims.").

Second, the Complaint alleges no facts underlying or supporting an assertion that any Nikon U.S. entity had knowledge of any of the five patents prior to the filing of the Complaint.

Plaintiffs' vague allegation that they attempted to negotiate "license terms" with Nikon U.S. and that Nikon U.S. refused to license "Intellectual Ventures' patents" does not save Plaintiffs' insufficient allegations. Plaintiffs do not identify any of the patents that Nikon U.S. purportedly refused to license, let alone aver that Plaintiffs ever identified any of those patents to Nikon U.S. Nothing in the Complaint alleges or even implies that any of the five Asserted Patents was ever identified to any Nikon entity, or that any Nikon entity had any knowledge of any of the Asserted Patents. Thus it is unreasonable, and impermissible, to infer that Nikon U.S. had knowledge of any the five patents now asserted against it in this litigation. Furthermore, even if Nikon U.S. learned of the Asserted Patents from the filing of the present Complaint, "knowledge *after* filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Techs.*, 730 F. Supp. 2d at 357 (emphasis added).

Third, the Complaint is silent regarding any facts of Nikon's alleged knowledge that any allegedly induced third-party infringed the patents. *Cf. Global-Tech*, 131 S. Ct. at 2068 ("§ 271(b) requires knowledge that the induced acts constitute patent infringement."). This is yet another independent reason why the cause of action for active inducement of infringement fails to state a claim for relief and must be dismissed.

Fourth, the Complaint is similarly silent about any Nikon U.S. entity having had the required specific intent to cause another to infringe the patent. Simply having an intent to cause another person to perform acts that result in infringement is not enough to support a claim for active inducement of infringement. Rather, it is necessary to allege that a Nikon U.S. entity knew that the third party was infringing the patent and intended the infringement to occur. *Vita-Mix*, 581 F.3d at 1328 ("[T]he mere knowledge of possible infringement will not suffice."). Nothing even remotely close to any such allegation appears in Plaintiffs' Complaint.

Accordingly, for at least the foregoing separate and independent reasons, Plaintiffs' cause of action for inducing infringement should be dismissed.

### B. Plaintiffs' Complaint Fails To Adequately Plead Joint Infringement

Through their allegation that Nikon "either alone or in conjunction with others" has infringed the Asserted Patents, Plaintiffs appear to assert (in the alternative) a claim for joint infringement. As with their induced infringement claims, however, Plaintiffs' pleading falls far short of what must be alleged in order to assert such a claim.

For a party to be found to have infringed a patent under a theory of joint infringement, it is necessary to identify one or more others with whom the party is allegedly jointly infringing the patent, and assert that the alleged joint infringer exercised "control or direction" over the other persons or entities with respect to the infringing activities. *Muniauction*, 532 F.3d at 1329. Yet the Complaint alleges no facts to support these necessary elements of a cause of action for joint infringement. Plaintiffs never identify the other joint infringing entity with whom Nikon allegedly collaborated to jointly infringe. Given this failure, it is not surprising that the Complaint also does not allege, let alone plead any supporting facts, that any Nikon defendant exercised the requisite "control or direction" over those nebulous "others," as is required in order to survive a motion to dismiss. *EON Corp.*, 2011 WL 2708945, at *5. Indeed, Plaintiffs do not allege *any* facts about any relationship at all between any Nikon entity and other alleged, unspecified joint infringers, rendering Plaintiffs' claims inadequate. *See id.* (granting motion to dismiss joint infringement claims because "plaintiff's complaint does not provide specific facts explaining any alleged relationships among defendants").

### VI. CONCLUSION

For at least the foregoing reasons, Nikon Inc. and Nikon Americas Inc. respectfully request that the Court grant their motion to dismiss all of Plaintiffs' claims of induced and joint

infringement for failure to state a claim on which relief can be granted.

|  |  |
|---|---|
| *Of Counsel:*<br><br>Jesse J. Jenner<br>Laurence S. Rogers<br>Andrew T. Radsch<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>Telephone: (212) 596-9000<br>Facsimile:  (212) 596-9090<br>jesse.jenner@ropesgray.com<br>laurence.rogers@ropesgray.com<br>andrew.radsch@ropesgray.com<br><br>Hiroyuki Hagiwara<br>ROPES & GRAY LLP<br>Yusen Building 2F<br>3-2 Marunouchi 2-Chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan<br>81-3-6259-3500<br>hiroyuki.hagiwara@ropesgray.com<br><br>Dated:  January 17, 2012 | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>_____<br>Steven J. Balick (I.D. #2114)<br>Tiffany Geyer Lydon (I.D. #3950)<br>Andrew C. Mayo (I.D. #5207)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Defendants* |