**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

INTELLECTUAL VENTURES I LLC, and )
INTELLECTUAL VENTURES II LLC,   )
                                      )
          Plaintiffs,        )
                                      )    C.A No. 11-1025-SLR
       v.                              )
                                      )
SENDAI NIKON CORPORATION,    )
NIKON IMAGING JAPAN INC., NIKON )
AMERICAS INC., and NIKON INC.,    )
                                      )
          Defendants.       )

**OPENING BRIEF IN SUPPORT OF MOTION OF DEFENDANTS SENDAI NIKON
CORP. AND NIKON IMAGING JAPAN INC. TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' CLAIMS
<u>FOR INDUCED AND JOINT INFRINGEMENT</u>**

*Of Counsel:*

Jesse J. Jenner
Laurence S. Rogers
Andrew T. Radsch
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
jesse.jenner@ropesgray.com
laurence.rogers@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

Dated: January 17, 2012

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

{00593739;v1}

-i-

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 2

III. STATEMENT OF FACTS ................................................................................................. 2

IV. ARGUMENT ..................................................................................................................... 4

    A. This Court Lacks Personal Jurisdiction Over the Nikon Japan Defendants .................... 4

        1. Delaware's Long-Arm Statute Does Not Permit Jurisdiction Over Nikon Japan ....... 5

        2. The Exercise of Jurisdiction Over Nikon Japan Would Be Inconsistent With Due Process ................................................................................................................ 7

    B. Assuming *Arguendo* That The Court Determines It Has Personal Jurisdiction Over Nikon Japan, Plaintiffs' Induced And Joint Infringement Claims Should Be Dismissed …………………………………………………………………………….. 10

V. CONCLUSION ................................................................................................................ 10

-ii-

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty.*,
    480 U.S. 102 (1987) ............................................................................................................. 11, 12

*Belden Techs. Inc. v. LS Corp.*,
    Civ. No. 08-823-SLR, 2010 WL 3943598 (D. Del. Sept. 30, 2010) ............................... passim

*Goodyear Dunlop Tires Operations v. Brown*,
    131 S. Ct. 2846 (2011) ...................................................................................................... passim

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ...................................................................................................... passim

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
    547 F. Supp. 2d 365 (D. Del. 2008) ........................................................................................ 10

**STATUTES**

35 U.S.C. § 271 ................................................................................................................................ 8

10 Del. C. § 3104 ....................................................................................................................... 9, 10

Pursuant to Rule 12(b)(2), Fed. R. Civ. P., Defendants Sendai Nikon Corp. ("Sendai Nikon") and Nikon Imaging Japan Inc. ("Nikon Imaging Japan") (collectively "Nikon Japan") respectfully move to dismiss the Complaint brought by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") for lack of personal jurisdiction.  Plaintiffs' attempt to include Nikon Japan in this suit – two foreign companies that lack any contacts, let alone "minimum contacts," with Delaware – violates the U.S. Constitution's Due Process Clause.  As the Supreme Court's recent decisions in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) and *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846 (2011), confirm, Plaintiffs' Complaint against Nikon Japan should be dismissed for lack of personal jurisdiction.

I.     **NATURE AND STAGE OF PROCEEDINGS**

On October 26, 2011, Plaintiffs filed their Complaint against Nikon Japan and co-defendants Nikon Inc. and Nikon Americas Inc. (collectively, "Nikon U.S.") alleging that each defendant has infringed five of Plaintiffs' patents.  (D.I. 1).  Nikon Japan now moves to dismiss Plaintiffs' claims for lack of personal jurisdiction because both Nikon Japan defendants are foreign corporations with no ties to Delaware.

If personal jurisdiction is found to exist over Nikon Japan, then Nikon Japan respectfully moves in the alternative to dismiss Plaintiffs' claims for induced and joint infringement for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), for the same reasons set forth in the Motion of Defendants Nikon Inc and Nikon Americas Inc. to Dismiss Plaintiffs' Claims of Induced and Joint Infringement (hereinafter "Nikon U.S.'s Motion to Dismiss"), filed concurrently herewith.

-2-

## II.   SUMMARY OF THE ARGUMENT

Plaintiffs cannot show that this Court's exercise of personal jurisdiction over Nikon Japan would be permissible under Delaware's long-arm statute or consistent with the Due Process Clause of the U.S. Constitution.  Both Nikon Japan entities are foreign corporations based solely in Japan.  Sendai Nikon manufactures and sells cameras in Japan, and Nikon Imaging Japan sells and services cameras in Japan.  Neither sells products in Delaware or the United States, and neither has any employees, agents, offices, or other facilities in Delaware or the United States.  The exercise of jurisdiction over Nikon Japan, which literally have no contacts with Delaware, is not authorized by Delaware's long-arm statute.  It would also violate Nikon Japan's due process rights:  the mere presence in Delaware of products manufactured by Sendai Nikon in Japan, and sold by Nikon Imaging Japan to customers in Japan – even if, *arguendo*, such cameras manufactured and sold by Nikon Japan found their way into Delaware (there is no allegation of such a fact in the Complaint) – is insufficient to confer personal jurisdiction over them.

## III.   STATEMENT OF FACTS

The Nikon Japan defendants have no relevant contacts with Delaware or its residents, and do not conduct their manufacturing (Sendai) or sales and service (Nikon Imaging Japan) businesses in Delaware, or anywhere else in the United States for that matter.  Sendai Nikon is a Japanese corporation with its principal place of business in Japan.  Saito Decl., ¶ 5.[1]  As part of its business, Sendai Nikon manufactures Digital Single Lens Reflex cameras, including the accused D3s camera.  *Id.*, ¶ 7.  It does not design, manufacture, produce, or sell digital photo imaging software, such as the accused Capture NX2 software.  *Id.*, ¶ 9.  Sendai Nikon manufactures cameras in Japan and sells them only in Japan, and only to one customer – Nikon

---

[1]   "Saito Decl., ¶ _" refers to a paragraph of the Declaration of Jiro Saito, filed concurrently herewith.

Corporation. *Id.*, ¶ 7. Sendai Nikon is not registered to conduct business in Delaware, or anywhere else in the United States, and does not in fact conduct any business in the United States. *Id.*, ¶ 6. It has no employees, agents, offices, facilities, distributors, or representatives in Delaware, or in the United States. *Id.* Sendai Nikon also does not have any bank accounts, trust funds, certificates of deposit, or other instruments in Delaware, or elsewhere in the United States. *Id.* Furthermore, Sendai Nikon does not sell or offer to sell its cameras to customers in Delaware, nor does it sell any products to end consumers. *Id.*, ¶ 10. And Sendai Nikon does not ship or otherwise import any products into Delaware or the United States. *Id.*, ¶ 11. Finally, Sendai Nikon has no dealings with Nikon Inc. or Nikon Americas Inc., the two U.S.-based Nikon defendants in this suit. *Id.*, ¶ 12.

Nikon Imaging Japan also is a Japanese corporation with its principal place of business in Japan.[2] Nishioka Decl., ¶ 5.[3] As part of its business, Nikon Imaging Japan markets, sells and services Nikon-branded cameras, including many of the accused cameras, in Japan. *Id.*, ¶¶ 4, 7. Nikon Imaging Japan purchases the cameras that it sells in Japan. *Id.*, ¶ 7. Nikon Imaging Japan also sells digital photo editing software, include the accused Capture NX2 software, but does so only in Japan. *Id.*, ¶ 8. Nikon Imaging Japan does not sell its products outside of Japan, and it does not sell the accused products to any customers in Delaware. *Id.*, ¶¶ 9, 10. Nor does Nikon Imaging Japan sell products to, or otherwise have dealings with, Nikon Inc. or Nikon Americas Inc. *Id.*, ¶ 11. Nikon Imaging Japan provides technical support for its products through personnel in Japan, but not to anyone in Delaware or elsewhere in the United States. *Id.*, ¶ 12. Nikon Imaging Japan has no employees, agents, offices, facilities, distributors, or representatives

---

[2] Sendai Nikon and Nikon Imaging Inc. are separately incorporated entities with business differing from the other Nikon companies named in the Complaint.

[3] "Nishioka Decl., ¶ _" refers to a paragraph of the Declaration of Takao Nishioka, filed concurrently herewith.

in Delaware, or the United States, nor does it have any bank accounts, trust funds, certificates of deposit, or other instruments in Delaware, or elsewhere in the United States. *Id.*, ¶ 6.

Despite Nikon Japan's lack of any connection to or contacts with Delaware, Plaintiffs' Complaint alleges that the Court has personal jurisdiction over them based on a "stream of commerce" theory: "This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District." (D.I. 1, ¶ 9). Notably absent from Plaintiffs pleading is any allegation that Nikon Japan have actually done anything whatsoever in Delaware. (*See id.*).

IV. **ARGUMENT**

    A. **This Court Lacks Personal Jurisdiction Over the Nikon Japan Defendants**

Plaintiffs cannot meet their burden of establishing that this Court has personal jurisdiction over Nikon Japan. *See Belden Techs. Inc. v. LS Corp.*, Civ. No. 08-823-SLR, 2010 WL 3943598, at *4 (D. Del. Sept. 30, 2010) (plaintiff must establish personal jurisdiction by a preponderance of the evidence). For jurisdiction to be proper, Plaintiffs must first show by a preponderance of the evidence that there is a statutory basis for jurisdiction under Delaware's long arm statute. If they can make that showing, Plaintiffs then must show that the exercise of jurisdiction comports with due process and is constitutional. *Id*.

Plaintiffs cannot make either showing. Sendai Nikon and Nikon Imaging Japan manufacture and/or sell the accused products only in Japan – not in Delaware and not even elsewhere in the United States. Sendai Nikon and Nikon Imaging Japan have no contacts with Delaware and there simply is no basis for this Court to exercise personal jurisdiction over them. Indeed, the Nikon Japan defendants have even fewer contacts with Delaware (none) than the

foreign defendant in *Belden* – a defendant over which this Court held that the exercise of personal jurisdiction would violate Delaware's long-arm statute and the Constitution's Due Process Clause. 2010 WL 3943598, at *6-*8. The same result holds here.

### 1. Delaware's Long-Arm Statute Does Not Permit Jurisdiction Over Nikon Japan

To establish personal jurisdiction over Nikon Japan, Plaintiffs' first burden is to show that personal jurisdiction is proper under Delaware's long-arm statute. Plaintiffs cannot do so.

First, Plaintiffs plead no facts to support a finding of *specific* jurisdiction under the statute. Delaware's long-arm statute permits the Court to exercise specific jurisdiction over entities that transact business or perform services in Delaware; contract to supply services or things in Delaware; own or control property in Delaware; or act as a surety for someone in Delaware. 10 Del. C. § 3104(c)(1)-(3), (5)-(6); *see also Belden*, 2010 WL 3943598, at *4 ("With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction"). Nikon Japan do not do any of those things, and Plaintiffs do not allege that they do any of those things. Nikon Japan do not conduct any activities of any kind in Delaware. They do not and are not alleged to make, use, sell, offer for sale, or import any of the accused products in Delaware. Nor have they undertaken any activities in Delaware to actively induce infringement in Delaware, as they have conducted no activities in Delaware. Accordingly, the Court does not have specific jurisdiction over Nikon Japan.

Second, Plaintiffs pled no facts sufficient to support a finding of *general* jurisdiction under the statute. Delaware's long-arm statute allows the Court to exercise general jurisdiction where the defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4); *see also Belden*, 2010 WL 3943598, at *4 ("Subsection

(c)(4), on the other hand, requires a showing of general jurisdiction . . . ."). Nikon Japan do not regularly conduct or solicit business in Delaware, and Plaintiffs do not allege otherwise. Plaintiffs cannot and do not suggest that Nikon Japan engage in any "persistent course of conduct" in Delaware, as the Nikon Japan defendants conduct *no* business activities in Delaware. And finally, Nikon Japan do not derive "substantial revenue from services, or things used or consumed" in Delaware, as they do not sell any products in Delaware or elsewhere in the United States. Thus, the Court does not have general jurisdiction over Nikon Japan.

Third, Plaintiffs do not plead any facts sufficient to support a "dual jurisdiction" approach. Delaware courts have at times applied a "dual jurisdiction analysis" – an amalgam of general and specific jurisdiction based on a "stream of commerce" theory – to analyze personal jurisdiction under Delaware's long arm statute. *E.g.*, *Belden*, 2010 WL 3943598, at *5 ("The [dual jurisdiction] approach was adopted by Delaware courts as a mechanism by which to apply the long-arm statute to 'stream of commerce' situations . . . ."); *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 371-72 (D. Del. 2008). Plaintiffs appear to hang their hat on this theory, as they assert that the Court has personal jurisdiction based on Nikon Japan allegedly having "placed infringing products into the stream of commerce" (D.I. 1, ¶ 9).

Dual jurisdiction requires Plaintiffs to show "both: (1) an intent [by Defendants] to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiff's cause of action arises from injuries caused by that product." *Belden*, 2010 WL 3943598, at *5. But Plaintiffs have not pled that Nikon Japan has any intent to serve the Delaware market. (*See* D.I. 1, ¶ 9). Nor do Nikon Japan have such intent – they manufacture and/or sell the accused products only in Japan. Even assuming, *arguendo*, that Plaintiffs could show intent, they still could not show that the accused products were introduced into Delaware

by *Nikon Japan*. *See Belden*, 2010 WL 3943598, at *6 ("[P]laintiff must still demonstrate that this intent resulted in the introduction of [the accused product] into the Delaware market by **LS Korea** [the foreign defendant].") (emphasis in original). Again, Nikon Japan sells the accused products only in Japan, and neither company imports products into Delaware or the United States. Moreover, neither sells accused products to Nikon Inc. or Nikon Americas Inc., the other two defendants in this action. Accordingly, there is no basis for jurisdiction here under the dual jurisdiction theory.

> **2. The Exercise of Jurisdiction Over Nikon Japan Would Be Inconsistent With Due Process**

Plaintiffs' failure to show that Delaware's long-arm statute permits jurisdiction is enough to end the inquiry. But even if Plaintiffs could somehow make that initial statutory showing – and they clearly cannot – Plaintiffs also cannot make the requisite showing that the exercise of personal jurisdiction over Nikon Japan would be consistent with due process.

The U.S. Constitution's Due Process Clause requires Plaintiffs to show that Sendai Nikon and Nikon Imaging Japan each have engaged in sufficient "minimum contacts" with Delaware such that they have "purposefully availed" themselves of the privilege of doing business in Delaware, invoking the benefits and protections of Delaware's laws, and that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 105 (1987) (quotation omitted).

Recently, the Supreme Court expressly held that the mere presence of a defendant's products in the forum state – even if foreseeable that they could end up there – is ***not*** a sufficient basis for personal jurisdiction under the Constitution. In *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), and *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), the Court held that due process requires more before an out-of-state company can

be subjected to personal jurisdiction. In *Goodyear*, the Court explained that the exercise of personal jurisdiction over foreign companies who sold tires that ultimately ended up in North Carolina was improper there because "[f]low of a manufacturer's products into the forum . . . do[es] not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." 131 S. Ct. at 2855. And in *McIntyre*, the Court rejected specific jurisdiction over an English company whose machines found their way to New Jersey. Six Justices concluded that defendant's nationwide sales through a distributor (who followed defendant's "'direction and guidance whenever possible'") and attendance at American trade shows failed to establish specific jurisdiction, even where the defendant "directed marketing and sales efforts at the United States" and "permitted, indeed wanted, its independent American Distributor to sell its machines to anyone in America willing to buy them." 131 S. Ct. at 2786, 2790, 2791 (plurality opinion); *id*. at 2791, 2792 (Breyer, J. and Alito, J., concurring) (sale in forum inadequate "even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place"). Those six Justices validated Justice O'Connor's view in *Asahi* that specific jurisdiction "depends on ***purposeful*** availment," for which the mere "foreseeability" of products reaching the forum state via a stream of commerce is insufficient. *Id.* at 2789-90 (emphasis added) ("[A] rule based on general notions of fairness and foreseeability, is inconsistent with the premises of lawful judicial power."); *id*. at 2792 (concurrence citing Justice O'Connor's conclusion that "something more" is required "even if defendant is 'awar[e]' that the stream 'may or will sweep the product into the forum State'"). Even before *McIntyre*, this Court had followed Justice O'Connor's approach, which requires not merely "placement of the product into the stream of commerce," but an act "'purposefully directed toward the forum State.'" *Belden*, 2010 WL 3943598, at *6 (quoting *Asahi*, 480 U.S. at

112).

Nikon Japan lack the "minimum contacts" with Delaware necessary to support the exercise of either general or specific jurisdiction. *Goodyear*, 131 S. Ct. at 2851 (noting that courts differentiate between "general or all-purpose jurisdiction" and "specific or case-linked jurisdiction"). Due process permits general jurisdiction over foreign corporations only where their "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear*, 131 S. Ct. at 2851; *see also Belden*, 2010 WL 3943598, at *4 (stating that defendant must have "continuous and systematic contacts" with Delaware for the Court to exercise general jurisdiction) (citation omitted). Nikon Japan lack any contacts, let alone "continuous and systematic" contacts, with Delaware. In no sense can Nikon Japan be considered to be "at home" in Delaware when they conduct no activities whatsoever in Delaware. *See supra* Section III. Accordingly, there is no basis for general jurisdiction in the district of Delaware. *See Goodyear*, 131 S. Ct. at 2851 (holding that state court lacked jurisdiction over foreign corporation that did not do business in the state, but some of whose products were distributed in the state).

For the exercise of specific jurisdiction to pass Constitutional muster under the "stream of commerce" theory, Plaintiffs must show that Nikon Japan "targeted" Delaware. *McIntyre*, 131 S. Ct. at 2788 ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."). Plaintiff cannot make that showing, as neither Sendai Nikon nor Nikon Imaging Japan sold, imported, or otherwise directed any of the accused products to Delaware – or to the United States. *Cf. id.* at 2790 (holding that New Jersey state court lacked specific jurisdiction over foreign defendant

who had the intent to serve the U.S. market but did not specifically target New Jersey). Indeed, Plaintiffs do not even allege that Sendai Nikon and Nikon Imaging Japan specifically targeted Delaware, or the United States, nor have Plaintiffs pled any facts to support any such inference. All that Plaintiffs allege is that products made and sold by Nikon Japan, in Japan, have been found in Delaware. But that is insufficient as a matter of law for the exercise of jurisdiction to be appropriate here. *Id.* at 2788-89; *Goodyear*, 131 S. Ct. at 2854 (noting that Supreme Court's precedents require that foreign defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State" for jurisdiction over it to be lawful).

      **B.**     **Assuming *Arguendo* That The Court Determines It Has Personal Jurisdiction Over Nikon Japan, Plaintiffs' Induced And Joint Infringement Claims Should Be Dismissed**

If the Court does determine that Plaintiffs have met their burden of showing that the Court has personal jurisdiction over Nikon Japan, then Plaintiffs' claims for induced and joint infringement should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As explained in the opening brief in support of Nikon U.S.'s Motion to Dismiss, filed concurrently herewith and incorporated herein by reference, Plaintiffs have failed to state a claim for induced and joint infringement as a matter of law, and those claims therefore should be dismissed.

**V. CONCLUSION**

For at least the foregoing reasons, Sendai Nikon and Nikon Imaging Japan respectfully request that the Court dismiss Plaintiffs' claims against them for lack of personal jurisdiction, or in the alternative, that the Court dismiss Plaintiffs' claims for induced and joint infringement.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Andrew C. Mayo* |
|  | _____ |
|  | Steven J. Balick (I.D. #2114) |
|  | Tiffany Geyer Lydon (I.D. #3950) |
*Of Counsel:* | Andrew C. Mayo (I.D. #5207)
|  | 500 Delaware Ave., 8th Floor |
|  | P.O. Box 1150 |
Jesse J. Jenner | Wilmington, DE  19899
Laurence S. Rogers | (302) 654-1888
Andrew T. Radsch | sbalick@ashby-geddes.com
ROPES & GRAY LLP | tlydon@ashby-geddes.com
1211 Avenue of the Americas | amayo@ashby-geddes.com
New York, NY 10036-8704 |
Telephone: (212) 596-9000 | *Attorneys for Defendants*
Facsimile:  (212) 596-9090 |
jesse.jenner@ropesgray.com |
laurence.rogers@ropesgray.com |
andrew.radsch@ropesgray.com |

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

Dated:  January 17, 2012