# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION, SENDAI NIKON CORPORATION, NIKON AMERICAS INC., and NIKON INC.,<br><br>    Defendants. | C.A No. 11-1025-SLR |

**OPENING BRIEF IN SUPPORT OF MOTION OF DEFENDANT SENDAI NIKON CORPORATION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR IN THE ALTERNATIVE, TO DISMISS PLAINTIFFS' CLAIMS FOR INDUCED AND JOINT INFRINGEMENT**

*Of Counsel:*

Jesse J. Jenner
Laurence S. Rogers
Stuart W. Yothers
Andrew T. Radsch
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
jesse.jenner@ropesgray.com
laurence.rogers@ropesgray.com
stuart.yothers@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

Dated: March 5, 2012

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

{00610510;v1 }

-i-

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF PROCEEDINGS ........................................................................ 2

II.  SUMMARY OF THE ARGUMENT ..................................................................................... 3

III. STATEMENT OF FACTS ...................................................................................................... 3

IV.  ARGUMENT ........................................................................................................................... 5

    A.  This Court Lacks Personal Jurisdiction Over Sendai Nikon ........................................... 5

        1. Delaware's Long-Arm Statute Does Not
          Permit Jurisdiction Over Sendai Nikon ................................................................... 6

        2. The Exercise of Jurisdiction Over Sendai Nikon
          Would Be Inconsistent With Due Process ............................................................... 8

    B.  Assuming *Arguendo* That The Court Determines It Has Personal Jurisdiction
        Over Sendai Nikon, Plaintiffs' Induced And Joint Infringement Claims Should
        Be Dismissed ................................................................................................................ 11

V.   CONCLUSION ..................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asahi Metal Indus. Co. v. Superior Ct. of CA, Solano Cnty.*,
    480 U.S. 102 (1987) ........................................................................................................... 8

*Belden Techs. Inc. v. LS Corp.*,
    Civ. No. 08-823-SLR, 2010 WL 3943598 (D. Del. Sept. 30, 2010) .............................. passim

*Goodyear Dunlop Tires Operations v. Brown*,
    131 S. Ct. 2846 (2011) ........................................................................................... 1, 9, 10, 11

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ........................................................................................... 1, 9, 10, 11

*Power Integrations, Inc. v. BCD Semiconductor Corp.*,
    547 F. Supp. 2d 365 (D. Del. 2008) ................................................................................... 7

**STATUTES**

10 Del. C. § 3104 ........................................................................................................................ 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 11

Pursuant to Rule 12(b)(2), Fed. R. Civ. P., Defendant Sendai Nikon Corporation ("Sendai Nikon") respectfully moves to dismiss the Amended Complaint brought by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") for lack of personal jurisdiction.  Sendai Nikon, along with then co-defendant Nikon Imaging Japan Inc. ("Nikon Imaging Japan"), previously moved to dismiss Plaintiffs' original Complaint for lack of personal jurisdiction, showing that Sendai Nikon and Nikon Imaging Japan have no contacts with Delaware or the United States and that the exercise of personal jurisdiction over them would violate Delaware's long-arm statute and the U.S. Constitution's Due Process Clause. (D.I. 16).  Plaintiffs did not oppose that motion.

Instead, Plaintiffs filed an Amended Complaint, in which they dropped Nikon Imaging Japan as a party, conceding that personal jurisdiction was lacking, but left Sendai Nikon as a party without providing any explanation or basis for doing so.  The only allegation Plaintiffs added to the Amended Complaint concerning the Court's purported personal jurisdiction over Sendai Nikon is that Sendai Nikon manufactures Digital Single Lens Reflex ("DSLR") cameras for and sells them to Nikon Corporation, a Japanese corporation that has been added as a defendant in the Amended Complaint.  Glaringly absent is any allegation, or facts to support any such allegation, that Sendai Nikon does anything in Delaware, or the United States, or that Sendai Nikon sells into the United States or has in any other respect purposefully targeted its activities at this forum.

Plaintiffs' assertion that personal jurisdiction over Sendai Nikon is appropriate continues to conflict with the Supreme Court's recent decisions in *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011) and *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846

{00610510;v1 }

(2011), and with decisions of this Court. The Amended Complaint against Sendai Nikon should be dismissed for lack of personal jurisdiction.

## I.    NATURE AND STAGE OF PROCEEDINGS

On October 26, 2011, Plaintiffs filed their original Complaint against Sendai Nikon, Nikon Americas Inc., Nikon Inc., and Nikon Imaging Japan, alleging that each had infringed five of Plaintiffs' patents. (D.I. 1). Sendai Nikon and Nikon Imaging Japan moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction on the ground that both are foreign corporations with no ties to Delaware, or in the alternative, to dismiss Plaintiffs' claims for induced and joint infringement. (D.I. 16). Plaintiffs did not oppose that motion.

Instead, on February 10, 2012, Plaintiffs filed an Amended Complaint. (D.I. 23). The Amended Complaint no longer includes Nikon Imaging Japan as a co-defendant, but it continues to name Sendai Nikon, in addition to Nikon Americas Inc. and Nikon Inc., the two U.S.-based co-defendants. Plaintiffs also added Nikon Corporation, a Japanese company, as a co-defendant.[1] Because Sendai Nikon continues to lack any connection or contacts with Delaware or the United States, it again moves to dismiss for lack of personal jurisdiction.

If personal jurisdiction is found to exist over Sendai Nikon, then Sendai Nikon respectfully moves in the alternative to dismiss Plaintiffs' claims for induced and joint infringement for the same reasons set forth in the Motion of Defendants Nikon Corporation, Nikon Americas Inc., and Nikon Inc. to Dismiss Plaintiffs' Amended Claims of Induced and Joint Infringement ("Nikon's Motion to Dismiss Induced and Joint Infringement Claims"), filed concurrently herewith.

---

[1]    Nikon Corporation does not at this time seek dismissal of Plaintiffs' Amended Complaint for lack of personal jurisdiction over it.

## II.     SUMMARY OF THE ARGUMENT

Plaintiffs cannot show that this Court's exercise of personal jurisdiction over Sendai Nikon would be permissible under Delaware's long-arm statute or consistent with the Due Process Clause of the U.S. Constitution.

Sendai Nikon is a foreign corporation based solely in Japan.  Sendai Nikon manufactures cameras in Japan and sells them *in Japan* to Nikon Corporation.  It does not sell any product in Delaware or the United States, nor does it have any employee, agent, office, or other facility in Delaware or the United States.  The exercise of jurisdiction over Sendai Nikon, which has no contact with Delaware, is not authorized by Delaware's long-arm statute.  It would also violate Sendai Nikon's Due Process rights:  the mere presence in Delaware of products manufactured and sold by Sendai Nikon *in Japan* is insufficient to confer personal jurisdiction over it, especially where Plaintiffs have not alleged, and cannot show, that Sendai Nikon, a mere manufacturer, purposefully targeted its activities to this forum.

## III.    STATEMENT OF FACTS

Sendai Nikon has no relevant contact with Delaware or its residents, and does not conduct business in Delaware, or anywhere else in the United States for that matter.  Sendai Nikon is a Japanese corporation with its principal place of business in Japan.  Saito Decl., ¶ 5.[2] As part of its business, Sendai Nikon manufactures DSLR cameras, including the accused D3s camera.  *Id.*, ¶ 7.  Sendai Nikon manufactures those cameras in Japan and sells them only in Japan, to Nikon Corporation.  *Id*.  While it manufactures digital cameras for Nikon Corporation, Sendai Nikon has no role in their design or development.  *Id.*, ¶ 8.  Sendai Nikon does not

---

[2]     "Saito Decl., ¶ _" refers to the indicated paragraph of the Declaration of Jiro Saito, filed herewith.

design, manufacture, produce, or sell digital photo imaging software, such as the accused Capture NX2 software. *Id.*, ¶ 9.

Sendai Nikon is not registered to conduct business in Delaware, or anywhere else in the United States, and does not in fact conduct any business in the United States. *Id.*, ¶ 6. It has no employee, agent, office, facility, distributor, or representative in Delaware, or in the United States. *Id.* Sendai Nikon also does not have any bank account, trust fund, certificate of deposit, or other instrument in Delaware, or elsewhere in the United States. *Id.* Furthermore, Sendai Nikon does not sell or offer to sell its cameras to customers in Delaware or the United States, nor does it sell any product to individual end consumers. *Id.*, ¶ 10. And Sendai Nikon does not ship or otherwise import any product into Delaware or the United States. *Id.*, ¶ 11. Finally, Sendai Nikon has no dealings with Nikon Inc. or Nikon Americas Inc., the two U.S.-based Nikon defendants in this suit. *Id.*, ¶ 12.

Despite Sendai Nikon's lack of any connection to or contact with Delaware or the United States – which Plaintiffs knew of from Sendai Nikon's previous motion to dismiss for lack of personal jurisdiction – Plaintiffs' Amended Complaint alleges that the Court has personal jurisdiction over Sendai Nikon based on a purported "stream of commerce" theory. Plaintiffs allege: "This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce with the knowledge and/or understanding that such products are used and sold in this District." (D.I. 23, ¶ 9). This jurisdictional allegation is identical to the allegation in Plaintiffs' original Complaint. (*See* D.I. 1, ¶ 9). With regard to Sendai Nikon, the only allegation that Plaintiffs added to the Amended Complaint is that Sendai Nikon "is a manufacturer of digital single reflex [sic] cameras, including the infringing D3s

cameras" and that it "manufactures these cameras for and sells them to Nikon Corporation." (D.I. 23, ¶ 9).

Notably absent from Plaintiffs pleading is any allegation that Sendai Nikon has actually done anything whatsoever in Delaware, or the United States. (*See id.*). In sum, Plaintiffs have not pled facts sufficient to establish a plausible theory of personal jurisdiction over Sendai Nikon.

## IV. ARGUMENT

### A. This Court Lacks Personal Jurisdiction Over Sendai Nikon

Plaintiffs cannot meet their burden of establishing that this Court has personal jurisdiction over Sendai Nikon. *See Belden Techs. Inc. v. LS Corp.*, Civ. No. 08-823-SLR, 2010 WL 3943598, at *4 (D. Del. Sept. 30, 2010) (plaintiff must establish personal jurisdiction by a preponderance of the evidence). For jurisdiction to be proper, Plaintiffs must first show by a preponderance of the evidence that there is a statutory basis for jurisdiction under Delaware's long arm statute. If they can make that showing, Plaintiffs then must show that the exercise of personal jurisdiction comports with due process and is constitutional. *Id*.

Plaintiffs cannot make either showing. Sendai Nikon manufactures and sells the accused products only in Japan – not in Delaware and not even elsewhere in the United States. Sendai Nikon has no contact with Delaware and there simply is no basis for this Court to exercise personal jurisdiction over it. Indeed, Sendai Nikon has even fewer contacts with Delaware (none) than the foreign defendant in *Belden* – a defendant over which this Court held that the exercise of personal jurisdiction would violate Delaware's long-arm statute and the Constitution's Due Process Clause. *Id.* at *6-*8. The same result holds here.

### 1. Delaware's Long-Arm Statute Does Not Permit Jurisdiction Over Sendai Nikon

To establish personal jurisdiction over Sendai Nikon, Plaintiffs' first burden is to show that personal jurisdiction is proper under Delaware's long-arm statute. Plaintiffs cannot do so.

First, Plaintiffs plead no facts to support a finding of *specific* jurisdiction under the statute. Delaware's long-arm statute permits the Court to exercise specific jurisdiction over entities that transact business or perform services in Delaware; contract to supply services or things in Delaware; own or control property in Delaware; or act as a surety for someone in Delaware. 10 Del. C. § 3104(c)(1)-(3), (5)-(6); *see also Belden*, 2010 WL 3943598, at *4 ("With the exception of (c)(4), the long-arm statute requires a showing of specific jurisdiction"). Sendai Nikon does not do any of those things, and Plaintiffs do not allege that it does any of those things. Simply put, Sendai Nikon does not conduct any activity of any kind in Delaware. It does not and is not alleged to make, use, sell, offer for sale, or import any of the accused products in Delaware. Nor has it undertaken any activity in Delaware to actively induce infringement in Delaware, as it has conducted no activity in Delaware at all. Accordingly, the Court does not have specific jurisdiction over Sendai Nikon.

Second, Plaintiffs plead no facts sufficient to support a finding of *general* jurisdiction under the statute. Delaware's long-arm statute allows the Court to exercise general jurisdiction where the defendant "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. C. § 3104(c)(4); *see also Belden*, 2010 WL 3943598, at *4 ("Subsection (c)(4), on the other hand, requires a showing of general jurisdiction . . . ."). Sendai Nikon does not regularly conduct or solicit business in Delaware, and Plaintiffs do not allege otherwise. Plaintiffs cannot and do not suggest that Sendai Nikon engages in any "persistent course of

conduct" in Delaware, as Sendai Nikon conducts *no* business activity in Delaware. And finally, Sendai Nikon does not derive "substantial revenue from services, or things used or consumed" in Delaware, as it does not sell any product or service in Delaware or elsewhere in the United States. Rather, the revenue Sendai Nikon derives is from sales to Nikon Corporation in Japan. Thus, the Court does not have general jurisdiction over Sendai Nikon.

Third, Plaintiffs do not plead any facts sufficient to support a "dual jurisdiction" approach. Delaware courts have at times applied a "dual jurisdiction analysis" – an amalgam of general and specific jurisdiction based on a "stream of commerce" theory – to analyze personal jurisdiction under Delaware's long arm statute. *E.g.*, *Belden*, 2010 WL 3943598, at *5 ("The [dual jurisdiction] approach was adopted by Delaware courts as a mechanism by which to apply the long-arm statute to 'stream of commerce' situations . . . ."); *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 371-72 (D. Del. 2008). Plaintiffs appear to hang their hat on this theory, as they assert that the Court has personal jurisdiction based on Sendai Nikon allegedly having "placed infringing products into the stream of commerce." (D.I. 23, ¶ 9).

Dual jurisdiction requires Plaintiffs to show "both: (1) an intent [by Sendai Nikon] to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiff's cause of action arises from injuries caused by that product." *Belden*, 2010 WL 3943598, at *5. Plaintiffs have not pled that Sendai Nikon has any intent to serve the Delaware market. (*See* D.I. 23, ¶ 9). Nor does Sendai Nikon have such intent – it manufactures the accused digital cameras for Nikon Corporation in Japan and sells them to Nikon Corporation in Japan.

Even assuming, *arguendo*, that Plaintiffs could show intent, they still could not show (and have not pled) that the accused products were introduced into Delaware **by Sendai Nikon**. In *Belden*, this Court stated

> Even assuming that LS Korea [the foreign defendant] had the requisite "intent to serve" the Delaware market, plaintiff must still demonstrate that this intent resulted in the introduction of [the accused product] into the Delaware market by **LS Korea**. . . . LS America [the domestic defendant] takes title to the [accused product] in South Korea or Vietnam, prior to importation. Plaintiff's theory must fail in this regard.

2010 WL 3943598, at *6 (emphasis in original; internal footnote omitted). So too here, Sendai Nikon does not import products into Delaware or the United States. Rather, Sendai Nikon sells them to Nikon Corporation, a Japanese company, in Japan. Sendai Nikon does *not* sell the accused products to Nikon Inc. or Nikon Americas Inc., the two U.S.-based defendants in this action. Accordingly, there is no basis for jurisdiction here under a dual jurisdiction theory.

### 2. The Exercise of Jurisdiction Over Sendai Nikon Would Be Inconsistent With Due Process

Plaintiffs' failure to show that Delaware's long-arm statute permits jurisdiction is enough to end the inquiry. But even if Plaintiffs could somehow make that initial statutory showing – and they clearly cannot – Plaintiffs also cannot make the requisite showing that the exercise of personal jurisdiction over Sendai Nikon would be consistent with due process.

The U.S. Constitution's Due Process Clause requires Plaintiffs to show that Sendai Nikon has engaged in sufficient "minimum contacts" with Delaware such that it has "purposefully availed" itself of the privilege of doing business in Delaware, invoking the benefits and protections of Delaware's laws, and that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Ct. of CA, Solano Cnty.*, 480 U.S. 102, 105 (1987) (quotation omitted).

Recently, the Supreme Court expressly held that the mere presence of a defendant's

products in the forum state – even if foreseeable that they could end up there – is ***not*** a sufficient basis for personal jurisdiction under the Constitution.  In *Goodyear*, 131 S. Ct. 2846, and *McIntyre*, 131 S. Ct. 2780, the Supreme Court held that due process requires more before an out-of-state company can be subjected to personal jurisdiction.

In *Goodyear*, the Supreme Court explained that the exercise of personal jurisdiction over foreign companies who sold tires that ultimately ended up in North Carolina was improper there because "[f]low of a manufacturer's products into the forum . . . do[es] not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." 131 S. Ct. at 2855.  And in *McIntyre*, the Supreme Court rejected specific jurisdiction over an English company whose machines found their way to New Jersey.  Six Justices concluded that the defendant's nationwide sales through a distributor (who followed defendant's "'direction and guidance whenever possible'") and attendance at American trade shows failed to establish specific jurisdiction, even where the defendant "directed marketing and sales efforts at the United States" and "permitted, indeed wanted, its independent American Distributor to sell its machines to anyone in America willing to buy them."  131 S. Ct. at 2786, 2790, 2791 (plurality opinion); *id*. at 2791, 2792 (Breyer, J. and Alito, J., concurring) (sale in forum inadequate "even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place").

The six Justices in *McIntyre* validated Justice O'Connor's view in *Asahi* that specific jurisdiction "depends on ***purposeful*** availment," for which the mere "foreseeability" of products reaching the forum state via a stream of commerce is insufficient.  *Id.* at 2789-90 (emphasis added) ("[A] rule based on general notions of fairness and foreseeability, is inconsistent with the premises of lawful judicial power."); *id*. at 2792 (concurrence citing Justice O'Connor's

conclusion that "something more" is required "even if defendant is 'awar[e]' that the stream 'may or will sweep the product into the forum State'"). Even before *McIntyre*, this Court had followed Justice O'Connor's approach, which requires not merely "placement of the product into the stream of commerce," but an act "'purposefully directed toward the forum State.'" *Belden*, 2010 WL 3943598, at *6 (quoting *Asahi*, 480 U.S. at 112).

Sendai Nikon lacks the "minimum contacts" with Delaware necessary to support the exercise of either general or specific jurisdiction. *See Goodyear*, 131 S. Ct. at 2851 (noting that courts differentiate between "general or all-purpose jurisdiction" and "specific or case-linked jurisdiction"). Due process permits *general* jurisdiction over foreign corporations only where their "affiliations with the State are so 'continuous and systematic' as to render them essentially *at home* in the forum state." *Goodyear*, 131 S. Ct. at 2851 (emphasis added); *see also Belden*, 2010 WL 3943598, at *4 (stating that defendant must have "continuous and systematic contacts" with Delaware for the Court to exercise general jurisdiction) (citation omitted). Sendai Nikon lacks any contact, let alone "continuous and systematic" contacts, with Delaware. In no sense can Sendai Nikon be considered to be ***"at home"*** in Delaware when it conducts no activity whatsoever in Delaware, or in the United States. *See supra* Section III. Accordingly, there is no basis for general jurisdiction in the district of Delaware. *See Goodyear*, 131 S. Ct. at 2851 (holding that state court lacked jurisdiction over foreign corporation that did not do business in the state, but some of whose products were distributed in the state).

For the exercise of *specific* jurisdiction to pass Constitutional muster under the "stream of commerce" theory, Plaintiffs must show that Sendai Nikon "targeted" Delaware. *McIntyre*, 131 S. Ct. at 2788 ("The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough

that the defendant might have predicted that its goods will reach the forum State."). Plaintiffs cannot make such a showing, as Sendai Nikon has not sold, imported, or otherwise directed any of the accused products to Delaware – or even the United States. *Cf. id.* at 2790 (holding that New Jersey state court lacked specific jurisdiction over foreign defendant who had the intent to serve the U.S. market but did not specifically target New Jersey). Indeed, Plaintiffs do not even allege that Sendai Nikon specifically targeted Delaware, or the United States, nor have Plaintiffs pled any facts to support any such inference. All that Plaintiffs allege is that products made and sold by Sendai Nikon, in Japan, have been found in Delaware. But that is insufficient as a matter of law for the exercise of jurisdiction to be appropriate here. *Id.* at 2788-89; *Goodyear*, 131 S. Ct. at 2854 (noting that Supreme Court's precedents require that foreign defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State" for jurisdiction over it to be lawful). Plaintiffs' attempt to rely on an impermissible "stream of commerce" theory that would permit personal jurisdiction over any foreign entity whose products are found in a given jurisdiction should be rejected.

      **B.**    **Assuming *Arguendo* That The Court Determines It Has Personal Jurisdiction Over Sendai Nikon, Plaintiffs' Induced And Joint Infringement Claims Should Be Dismissed**

If the Court does determine that Plaintiffs have met their burden of showing that the Court has personal jurisdiction over Sendai Nikon, then Plaintiffs' claims for induced and joint infringement should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As explained in the opening brief in support of Nikon's Motion to Dismiss Induced and Joint Infringement Claims filed concurrently herewith and incorporated herein by reference, Plaintiffs have failed to state a claim for induced and joint infringement as a matter of law, and therefore those claims should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Sendai Nikon respectfully requests that the Court dismiss Plaintiffs' claims against it for lack of personal jurisdiction, or in the alternative, that the Court dismiss Plaintiffs' claims for induced and joint infringement.

|  |  |
|---|---|
| *Of Counsel:*<br><br>Jesse J. Jenner<br>Laurence S. Rogers<br>Stuart W. Yothers<br>Andrew T. Radsch<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9000<br>jesse.jenner@ropesgray.com<br>laurence.rogers@ropesgray.com<br>stuart.yothers@ropesgray.com<br>andrew.radsch@ropesgray.com<br><br>Hiroyuki Hagiwara<br>ROPES & GRAY LLP<br>Yusen Building 2F<br>3-2 Marunouchi 2-Chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan<br>81-3-6259-3500<br>hiroyuki.hagiwara@ropesgray.com<br><br>Dated: March 5, 2012 | ASHBY & GEDDES<br><br>*/s/ Tiffany Geyer Lydon*<br>_____<br>Steven J. Balick (I.D. #2114)<br>Tiffany Geyer Lydon (I.D. #3950)<br>Andrew C. Mayo (I.D. #5207)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Defendants* |