## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

INTELLECTUAL VENTURES I LLC, and )
INTELLECTUAL VENTURES II LLC, )
                             )
     Plaintiffs, )
                             )     C.A No. 11-1025-SLR
     v. )
                             )
NIKON CORPORATION, SENDAI )
NIKON CORPORATION, NIKON )
AMERICAS INC., and NIKON INC., )
                             )
     Defendants. )

---

### OPENING BRIEF IN SUPPORT OF MOTION OF DEFENDANTS NIKON CORPORATION, NIKON AMERICAS INC., AND NIKON INC. TO DISMISS PLAINTIFFS' AMENDED CLAIMS OF INDUCED AND JOINT INFRINGEMENT

*Of Counsel:*

Jesse J. Jenner
Laurence S. Rogers
Stuart W. Yothers
Andrew T. Radsch
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
jesse.jenner@ropesgray.com
laurence.rogers@ropesgray.com
stuart.yothers@ropesgray.com
andrew.radsch@ropesgray.com

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

Dated: March 5, 2012

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*

{00610525;v1 }

**TABLE OF CONTENTS**

I.  NATURE AND STAGE OF THE PROCEEDINGS ...................................................................2

II.  SUMMARY OF ARGUMENT ..................................................................................................2

III. STATEMENT OF FACTS ALLEGED.......................................................................................4

IV. LEGAL STANDARDS ..............................................................................................................5

    A.  The Elements Of Active Inducement Of Infringement........................................................6

    B.  The Elements Of Joint Infringement....................................................................................6

V.  ARGUMENT ..............................................................................................................................7

    A.  The Amended Complaint Fails To Adequately Plead Induced Infringement.......................7

    B.  The Amended Complaint Fails To Adequately Plead Joint Infringement.........................10

VI. CONCLUSION..........................................................................................................................11

{00610525;v1 }

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   629 F.3d 1311 (Fed. Cir. 2010)................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................5, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................5

*Brain Life, LLC v. Elekta Inc.*,
   No. 10-cv-1539 LAB, slip op. (S.D. Cal. July 19, 2011) ........................8

*Driessen v. Sony Music Entm't*,
   No. 2:09–CV–0140–CW, 2012 WL 130412 (D. Utah Jan. 17, 2012)................10

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)................................................................6

*Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*,
   No. CV-F-05-1411, 2010 WL 2354411 (E.D. Cal. June 9, 2010)............8

*Eon Corp. IP Holdings LLC v. Flo TV Inc.*,
   Civ. No. 10-812-SLR, 2011 WL 2708945 (D. Del. July 12, 2011)............3, 6, 7, 11

*Erickson v. Pardus*,
   551 U.S. 89 (2007)................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   __ U.S.__, 131 S. Ct. 2060 (2011)................................................6, 7, 9

*Leader Techs. Inc. v. Facebook, Inc.*,
   770 F. Supp. 2d 686 (D. Del. 2011)........................................................6

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009)................................................6, 7, 9

*Muniauction, Inc. v. Thomson Corp.*,
   532 F.3d 1318 (Fed. Cir. 2008)........................................................6, 11

*Realtime Data, LLC v. Stanley*,
   721 F. Supp. 2d 538 (E.D. Tex. 2010) ....................................................8

{00610525;v1 }

*Rovi Corp. v. Hulu, LLC*,
 C.A. No. 11–665, 2012 WL 261982 (D. Del. Jan. 27, 2012) ...............................................5, 7

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
 647 F. Supp. 2d 323 (D. Del. 2009).......................................................................................7

*Stillman v. Novartis Consumer Health, Inc.*,
 CV11-05603 RGK, slip op. (C.D. Cal. Feb. 6, 2012).............................................................9

*Vita-Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009)..............................................................................................6

*XPoint Techs., Inc. v. Microsoft Corp.*,
 730 F. Supp. 2d 349 (D. Del. 2010).....................................................................................6, 9

**STATUTES**

35 U.S.C. § 271............................................................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

{00610525;v1 }

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendants Nikon Corporation, Nikon Americas Inc., and Nikon Inc., (collectively, "Nikon") respectfully move to dismiss the claims brought by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures") in the Amended Complaint for induced and joint patent infringement.

Nikon Americas Inc. and Nikon Inc. previously moved to dismiss the induced and joint infringement claims of Plaintiffs' original Complaint, highlighting the host of deficiencies in Plaintiffs' pleading.  In tacit acknowledgment that those claims were deficient, Plaintiffs did not oppose the motion but instead amended their Complaint.  But the Amended Complaint is equally deficient, and fails to support its induced and joint infringement claims with any factual content.

For induced infringement, the Amended Complaint differs little from the original Complaint, merely adding the self-evident proposition that Nikon had knowledge of the patents on October 26, 2011 as a result of the filing of the Complaint, and asserting in no more than conclusory fashion that "Nikon possessed, and continues to posses, the specific intent to encourage others, including its customers, to infringe the [asserted] patent."  (D.I. 23, ¶¶ 30, 34, 38, 42, 46).  For joint infringement, the Amended Complaint adds nothing and makes no attempt to bolster the infirm allegations of the original Complaint.  Instead of providing the required factual content to support their claims, Plaintiffs just continue to recite the bare elements of the causes of action, copying and pasting the same allegations from one asserted patent to the next. Plaintiffs' claims continue to fall far short of the pleading requirements articulated by the Supreme Court, the Federal Circuit, and decisions of this Court.  As a result, Plaintiffs' induced and joint infringement claims should be dismissed.[1]

---

[1]      In a separate motion being filed contemporaneously herewith, the remaining defendant, Sendai Nikon Corp., moves to dismiss the Amended Complaint against it for lack of personal

I.     NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2011, Plaintiffs filed their original Complaint against Sendai Nikon

Corporation, Nikon Imaging Japan Inc., Nikon Americas Inc., and Nikon Inc., alleging that each

defendant had infringed five of Plaintiffs' patents:  U.S. Patent Nos. 6,121,960; 6,181,836;

6,221,686; 6,979,587; and 7,733,368 (the "Asserted Patents").  (D.I. 1).  Nikon Corporation was

not named as a defendant in the first Complaint.  On January 17, 2012, Nikon Americas Inc. and

Nikon Inc. moved to dismiss Plaintiffs' induced and joint infringement claims for failure to state

a claim on the ground that the Complaint was devoid of any factual content to support those

claims.[2]  (D.I. 14, 15).  Plaintiffs did not oppose that motion but instead filed an Amended

Complaint on February 10, 2012.  (D.I. 23).

The Amended Complaint continues to press the same allegations as the original

Complaint, with the exception that Nikon Imaging Japan has been dropped and Nikon

Corporation has been added.  The Amended Complaint's allegations of induced and joint

infringement remain insufficient as a matter of law, and therefore Nikon again moves to dismiss

them.

II.    SUMMARY OF ARGUMENT

Plaintiffs' allegations of induced and joint infringement fail to meet the minimum

pleading standards articulated by the United States Supreme Court and decisions of this Court,

and do not fairly put Nikon on notice of Plaintiffs' alleged grounds for relief.  Notably, the

allegations of induced and joint infringement for each of the five patents are *identical*.  They

---

jurisdiction, or in the alternative, to dismiss Plaintiffs' induced and joint patent infringement
claims against it on the ground that they are insufficiently pled.

[2]     Sendai Nikon and Nikon Imaging Japan filed a separate joint motion to dismiss for lack
of personal jurisdiction, or in the alternative, to dismiss Plaintiffs' claims of induced and joint
infringement.  (D.I. 16).

appear to be copied and pasted *verbatim* from one count to the next, except for the identification of the asserted patent and accused product – even though the five Asserted Patents relate to a variety of different technologies.  (*See* D.I. 23, Exs. A-E).  And each of Plaintiffs' claims is identically threadbare.

For their induced infringement claims, Plaintiffs have not provided any factual support for their allegations.  While the Amended Complaint refers to the elements of induced infringement (the original Complaint did not even do that), simply reciting the elements of a cause of action does not suffice.  Plaintiffs were required to set forth factual allegations which, if accepted as true, would be sufficient to show plausible entitlement to relief.  Plaintiffs have not done so.  There are no factual allegations that Nikon had specific intent to induce others to infringe, or had knowledge that the activities it is alleged to have induced would in fact infringe.  Plaintiffs do not even identify with any plausibility any direct infringers, or the infringing activities, that Nikon purportedly induced.  Without the requisite factual allegations, Plaintiffs' claims for active inducement of infringement under 35 U.S.C. § 271(b) fails as a matter of law.

With respect to Plaintiffs' apparent claims for joint infringement, Plaintiffs' allegations remain unchanged from the original Complaint.  The totality of the allegation remains that Nikon has infringed "in conjunction with others," which also fails as a matter of law.  There is no cause of action for infringement "in conjunction with others."  If it is joint infringement that Plaintiffs are attempting to allege, Plaintiffs have not identified the "others" with whom Nikon allegedly jointly infringes.  Nor have Plaintiffs alleged (or set forth any facts in support) that Nikon's actions satisfy the Federal Circuit's "control or direction" requirement for joint infringement.

Just as this Court dismissed similarly inadequate claims of induced and joint infringement, *see, e.g.*, *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, Civ. No. 10-812-SLR, 2011

WL 2708945, at *3-5 (D. Del. July 12, 2011), Nikon respectfully requests that the Court dismiss

Plaintiffs' conclusory and unsupported allegations in this case.

## III.   STATEMENT OF FACTS ALLEGED

Nikon is accused of direct and induced infringement, and also appears to be accused of

joint infringement with other, unspecified persons or entities.  Each of Plaintiffs' allegations for

each of the five Asserted Patents is nearly identical, such that each is as threadbare as the next,

with the only differences being the identification of the patent asserted and the product(s) alleged

to infringe.  Each of the counts alleges in conclusory fashion that:

> Nikon, either alone *or in conjunction with others*, has infringed and/*or
> knowingly and intentionally induced others including its customers to infringe*,
> literally and/or under the doctrine of equivalents, one or more claims of [the
> Asserted Patents] by making, using, offering to sell, selling and/or importing in or
> into the United States [the accused products] without authority and in violation of
> 35 U.S.C. § 271.

> Nikon has had knowledge of and notice of the [Asserted Patents] and its
> infringement since at least October 26, 2011, through the filing and service of the
> original Complaint with this Court.  Intellectual Ventures also notified Nikon of
> the filing of the Complaint on October 26, 2011.  Nikon possessed, and continues
> to possess, the specific intent to encourage others, including its customers, to
> infringe the [Asserted Patents].

(D.I. 23, Counts I-V; emphasis added)  Plaintiffs set forth no factual allegations anywhere in

their Amended Complaint to support the allegations that Nikon had the requisite knowledge or

intent for induced infringement, or to support the allegation that Nikon jointly infringes "with

others."

Elsewhere in the Amended Complaint – under Plaintiffs' jurisdictional allegations, which

they incorporate by reference into each of their five counts of infringement – Plaintiffs allege:

> In addition, Defendants knowingly induce infringement within this District by
> contracting with others to market and sell infringing products with the knowledge
> and intent to facilitate infringing sales of the products by others within this
> District and by creating and/or disseminating instructions and other materials for
> the products with like mind and intent.

4

(D.I. 23, ¶ 9).  Plaintiffs do not identify, let alone set forth any factual allegations regarding, the

purported "others" with whom Nikon allegedly contracts or the "others" who allegedly make

infringing sales in this District.  Nor do Plaintiffs provide any factual allegations regarding

Nikon's alleged knowledge and intent.

## IV.    LEGAL STANDARDS

A complaint must include sufficient allegations "to give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545 (2007) (citations omitted).  Although the Court must accept as true all material allegations of

the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the "complaint's **'[f]actual**

**allegations** must be enough to raise a right to relief above the speculative level.'"  *Twombly*, 550

U.S. at 555 (emphasis added).  The complaint must set forth "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  In other words, a

complaint must do more than aver an entitlement to relief; it must "show" such an entitlement

through its factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009)

("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled

to relief.'") (citation omitted).  "Accordingly, to survive a motion to dismiss, a plaintiff must

plead 'factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'"  *Rovi Corp. v. Hulu, LLC*, C.A. No. 11–665, 2012 WL

261982, at *2 (D. Del. Jan. 27, 2012) (quoting *Iqbal*, 129 S. Ct. at 1949).

District Courts are encouraged to identify deficiencies in a complaint "at the point of

minimum expenditure of time and money by the parties and the court," *i.e.*, at the pleading stage.

*Twombly*, 550 U.S. at 558 (internal citations omitted).  Permitting improperly pled claims to be

used as a license for discovery imposes substantial and unwarranted costs on litigants.  *Id.*

{00610525;v1 }

A.      **The Elements Of Active Inducement Of Infringement**

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer."  As this Court has recognized, "[t]o demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (Robinson, J.) (citations omitted).  "As such, a complaint stating a claim for inducement must allege the requisite knowledge and intent."  *Id.* (citing *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009)).

With regard to the knowledge requirement, the Supreme Court recently confirmed that "§ 271(b) requires knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, __ U.S.__, 131 S. Ct. 2060, 2068 (2011).  *See also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009), stating that "the mere knowledge of possible infringement will not suffice" for induced infringement (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006)).

B.      **The Elements Of Joint Infringement**

"[D]irect infringement requires a single party to perform every step of a claimed method."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1318 (Fed. Cir. 2010).  In cases where more than one party performs the claimed steps, "liability for direct infringement may be established under a joint infringement theory."  *Leader Techs. Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 695 (D. Del. 2011).  "Joint infringement will only lie, however, if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.*, the 'mastermind.'"  *Eon Corp.*, 2011 WL 2708945, at *4 (quoting *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008)) (internal quotation

marks omitted).

In line with these elements of proof, a party asserting a joint infringement theory must satisfy a "heightened pleading requirement" — that is, a party must plead more than just direct infringement. *Id.* at *5. Specifically, a complaint must "satisfy the Federal Circuit's 'control or direction' standard for joint infringement claims on motions to dismiss." *Id.*

## V.    ARGUMENT

### A.    The Amended Complaint Fails To Adequately Plead Induced Infringement

Plaintiffs' formulaic allegations of induced infringement are insufficient to survive a motion to dismiss. To assert a claim for actively inducing a third party to infringe, Plaintiffs are required to do more than just allege the elements of that cause of action, which are:  (1) a third party has directly infringed the patents, (2) Nikon had knowledge of the Asserted Patents, (3) Nikon also had knowledge that the allegedly induced acts of the third party constituted infringement, and (4) Nikon had the specific intent to cause the alleged direct infringer to infringe. *See Global-Tech.*, 131 S. Ct. at 2068-69; *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009).  "'[A] formulaic recitation of the elements of a cause of action will not do.'" *EON Corp.*, 2011 WL 2708945, at *2 (citation omitted).  Instead, Plaintiffs must allege sufficient factual content that would allow the court to infer, assuming for purposes of the motion that the facts were true, that Plaintiffs are entitled to relief. *Iqbal*, 129 S. Ct. at 1949; *Rovi*, 2012 WL 261982, at *2.  Plaintiffs have not alleged any of the required factual support for their allegations, and their induced infringement claims thus should be dismissed.

First, Plaintiffs have not sufficiently alleged any underlying direct infringement that Nikon has actively induced.  Direct infringement by another is, of course, a prerequisite to there being any induced infringement. *Mallinckrodt Inc.*, 670 F. Supp. 2d at 354 ("Claims for indirect infringement cannot exist in the absence of direct infringement.").  Plaintiffs merely allege that

Nikon has induced "others including its customers" to infringe.  Alleging that "others" directly

infringe is a tautology:  by definition inducement requires others to directly infringe.  And the

addition of "including its customers" does not remedy the deficient pleading because it does not

sufficiently identify the allegedly induced party or parties.  Does "customers" mean distributors,

retailers, end users, or some other persons or entities all together?  Do the four different

defendants – two of which are U.S.-based companies, and two of which are Japan-based

companies – allegedly actively induce the same "customers"?

Plaintiffs' vague pleading of "customers" lacks the required specificity to adequately put

Nikon on notice of the basis for Plaintiffs' claims and does not rise above the level of mere

speculation – particularly where, as here, there are five different patents asserted against four

different defendants.  Plaintiffs' failure to identify the alleged direct infringers thus is a first

independent reason why their induced infringement claims should be dismissed.  *See, e.g.*, *Brain*

*Life, LLC v. Elekta Inc.*, No. 10-cv-1539 LAB, slip op. at 19 (S.D. Cal. July 19, 2011) (granting

motion to dismiss because [r]ather than actually identify the underlying infringement [defendant]

has induced, [plaintiff] alleges in conclusory fashion that unnamed 'medical practitioners' have

used [defendant's] products to infringe . . . ."); *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d

538, 544 (E.D. Tex. 2010) ("As recent decisions make clear, indirect infringement allegations

will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where

a plaintiff's complaint . . . fails to identify a direct infringer in reference to its indirect

infringement claims."); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411, 2010

WL 2354411, at *5 (E.D. Cal. June 9, 2010) (granting motion to dismiss and ruling that plaintiff

was required to "indentify any such third party infringers" of the asserted patent).

Second, the Amended Complaint does not allege that Nikon had knowledge of the patents

prior to the filing of this suit.  "Knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Techs.*, 730 F. Supp. 2d at 357 (citing  *Mallinckrodt Inc.*, 670 F. Supp. 2d at 354 n.1 ("The [c]ourt is not persuaded by [p]laintiffs' contention that the requisite knowledge can be established by the filing of the [p]laintiffs' [c]omplaint.")); *accord Stillman v. Novartis Consumer Health, Inc.*, CV11-05603 RGK, slip op. at 3 n.2 (C.D. Cal. Feb. 6, 2012).  Plaintiffs' failure to allege that Nikon had knowledge of the asserted patents prior to the filing of this suit, or to support any such allegation with facts, is another reason to dismiss Plaintiffs' inducement claims.

Third, the Amended Complaint alleges no facts regarding Nikon's alleged knowledge that any allegedly induced third-party infringes the patents.  *Cf. Global-Tech*, 131 S. Ct. at 2068 ("§ 271(b) requires knowledge that the induced acts constitute patent infringement.").  In each of their five counts of infringement, Plaintiffs merely assert in conclusory fashion that Nikon "knowingly . . . induced" others to infringe.  But Plaintiffs do not identify what the allegedly induced acts are for each of the five distinct patents, or which defendant did what.  Nor do Plaintiffs set forth any factual allegations concerning each of the four Nikon defendants' alleged knowledge of those acts and knowledge that those acts allegedly constituted infringement. Plaintiffs' failure to support with facts their conclusory allegations of Nikon's alleged knowledge is yet another independent reason to dismiss Plaintiffs' inducement claims.

Fourth, the Amended Complaint is bereft of any factual allegations about Nikon having had the required specific intent to cause another to infringe the patent.  Again, Plaintiffs merely insert the words "intent" and "intentionally" into their allegations of inducement without providing any factual allegations regarding the alleged intent for any of the four distinct defendants.  This is a fourth independent reason to dismiss Plaintiffs' inducement claims.

9

Instead of alleging any of the required factual content to show entitlement to relief, Plaintiffs have simply copied the same conclusory allegations of inducement for each of the five different asserted patents, without making any effort to show which specific actions were committed by which of the four different named defendants.  Such a one-size-fits-all approach to pleading does not satisfy the Supreme Court's plausibility standard.  It also, as another court noted, places unnecessary and unfair burdens on defendants:

> In studying Plaintiffs' Second Amended Complaint, it became apparent that Plaintiffs are attempting to plead in such a manner as to include every possible defendant in any possible legal theory that may support a cause of action.  Such pleading is confusing and suffers from the weakness that it does not require Plaintiffs to exercise the discipline of testing whether they in fact have facts sufficient to plead a cause of action.  Such imprecise pleading has come to be critically viewed by the courts because it fails to give clear and fair notice to defendants and increases the expense of litigation.  To impose the expense of litigation, including expensive discovery on a defendant, a plaintiff has the duty to carefully assess what facts support its claim, to clearly and succinctly state those facts as they may apply to each defendant who is named, and to assure itself that the facts indeed support each cause of action that is pled.

*Driessen v. Sony Music Entm't*, No. 2:09–CV–0140–CW, 2012 WL 130412, at *1 (D. Utah Jan. 17, 2012) (granting motion to dismiss).  Plaintiffs' Amended Complaint does not show that Plaintiffs plausibly are entitled to relief on their claims for inducement, and therefore those claims should be dismissed.

### B.    The Amended Complaint Fails To Adequately Plead Joint Infringement

Through their allegation that Nikon "either alone or in conjunction with others" has infringed the Asserted Patents, Plaintiffs appear to be attempting to assert (in the alternative) a claim for joint infringement.[3]  As with their induced infringement claims, however, Plaintiffs' pleading falls far short of what must be alleged in order to assert such a claim.

---

[3]    Plaintiffs' allegations of joint infringement remain unchanged from the original Complaint.

For a party to be found to have infringed a patent under a theory of joint infringement, it is necessary to identify one or more others with whom the party is allegedly jointly infringing, and assert that the alleged joint infringer exercised "control or direction" over the other persons or entities with respect to the infringing activities. *Muniauction*, 532 F.3d at 1329.   Yet the Amended Complaint alleges no facts to support these necessary elements of a cause of action for joint infringement.   Plaintiffs never identify the other joint infringing entity with whom any Nikon defendant allegedly collaborated to infringe.   Given this failure, it is not surprising that the Amended Complaint also does not allege, let alone plead any supporting facts, that any Nikon defendant exercised the requisite "control or direction" over those nebulous "others," as is required in order to survive a motion to dismiss. *See EON Corp.*, 2011 WL 2708945, at *5. Indeed, Plaintiffs do not allege *any* facts about any relationship at all between any Nikon entity and other alleged, unspecified joint infringer, rendering Plaintiffs' claims inadequate. *See id.* (granting motion to dismiss joint infringement claims because "plaintiff's complaint does not provide specific facts explaining any alleged relationships among" the alleged joint infringers).

## VI.    CONCLUSION

For the foregoing reasons, Nikon Corporation, Nikon Americas Inc., and Nikon Inc. respectfully request that the Court grant their motion to dismiss Plaintiffs' claims of induced and joint infringement for failure to state a claim on which relief can be granted.

11

ASHBY & GEDDES

/s/ Tiffany Geyer Lydon
_____

Steven J. Balick (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Jesse J. Jenner
Laurence S. Rogers
Stuart W. Yothers
Andrew T. Radsch
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
jesse.jenner@ropesgray.com
laurence.rogers@ropesgray.com
stuart.yothers@ropesgray.com
andrew.radsch@ropesgray.com

*Attorneys for Defendants*

Hiroyuki Hagiwara
ROPES & GRAY LLP
Yusen Building 2F
3-2 Marunouchi 2-Chome
Chiyoda-ku, Tokyo 100-0005
Japan
81-3-6259-3500
hiroyuki.hagiwara@ropesgray.com

Dated:  March 5, 2012

12

{00610525;v1 }