# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br>and, INTELLECTUAL VENTURES II<br>LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>NIKON CORPORATION, SENDAI<br>NIKON CORPORATION, NIKON<br>AMERICAS INC., and NIKON INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 11-1025-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Brian E. Farnan, Esquire of Farnan LLP, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: John M. Desmarais, Esquire, Alan S. Kellman, Esquire, and John C Spaccarotella, Esquire, Jonas R. McDavit, Esquire, and Xiao Li, Esquire of Desmarais LLP.

Steven J. Balick, Esquire, Tiffany Geyer Lydon, Esquire, and Andrew C. Mayo, Esquire of Ashby & Geddes, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Jesse J. Jenner, Esquire, Laurence S. Rogers, Esquire, Stuart W. Yothers, Esquire, Andrew T. Radsch, Esquire, and Hiroyuki Hagiwara, Esquire of Ropes & Gray LLP.

## MEMORANDUM OPINION

Dated: April 1, 2013
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On October 26, 2011, plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "plaintiffs") filed a complaint alleging patent infringement against defendants Sendai Nikon Corporation ("Sendai"), Nikon Imaging Japan Inc., Nikon Americas Inc, and Nikon, Inc. (D.I. 1) Sendai and Nikon Imaging Japan, Inc. filed a motion to dismiss the complaint for lack of personal jurisdiction or, in the alternative, to dismiss plaintiffs' claims for induced and joint infringement. (D.I. 16) Defendants Nikon Americas Inc. and Nikon, Inc. also moved to dismiss plaintiffs' claims for induced and joint infringement. (D.I. 14) Plaintiffs filed an amended complaint against defendants Sendai, Nikon Corporation, Nikon Americas Inc., and Nikon Inc. (the three Nikon defendants are collectively "defendants"). (D.I. 23)

Pending before the court is Sendai's motion to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss plaintiffs' claims for induced and joint infringement (D.I. 25) and defendants' motion to dismiss plaintiffs' claims for induced and joint infringement (D.I. 28). The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the reasons that follow, Sendai's motion to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss plaintiffs' claims for induced and joint infringement is granted as to personal jurisdiction, and defendants' motion to dismiss plaintiffs' claims for induced and joint infringement is granted as to joint infringement.

## II. BACKGROUND

Plaintiffs are both Delaware limited liability companies, with their principal places

of business in Bellevue, Washington. (D.I. 23 at ¶¶ 1-2) Sendai is a Japanese corporation, with its principal place of business in Tokyo, Japan. (D.I. 23 at ¶ 4; D.I. 26 at 3) Nikon Corporation is also a Japanese corporation, with its principal place of business in Tokyo, Japan. (D.I. 23 at ¶ 3) Nikon Americas Inc. is a Delaware corporation and has its principal place of business in Melville, New York. (D.I. 1 at ¶ 5) Nikon Inc. is a New York corporation and has its principal place of business in Melville, New York. (D.I. 1 at ¶ 6)

## III. STANDARD OF REVIEW

### A. Personal Jurisdiction

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. *Traynor v. Liu*, 495 F. Supp. 2d 444, 448 (D. Del. 2007). Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, a plaintiff must produce facts sufficient to

2

satisfy two requirements by a preponderance of the evidence, one statutory and one

constitutional. See id. at 66; Reach & Assocs. v. Dencer, 269 F. Supp. 2d 497, 502 (D.

Del. 2003).  With respect to the statutory requirement, the court must determine

whether there is a statutory basis for jurisdiction under the forum state's long-arm

statute. See Reach & Assocs., 269 F. Supp. 2d at 502.  The constitutional basis

requires the court to determine whether the exercise of jurisdiction comports with the

defendant's right to due process. See id.; see also Int'l Shoe Co. v. Washington, 326

U.S. 310, 316 (1945).

Pursuant to the relevant portions of Delaware's long-arm statute, 10 Del. C. §

3104(c)(1)-(4), a court may exercise personal jurisdiction over a defendant when the

defendant or its agent:

> (1) Transacts any business or performs any character of
> work or service **in** the State;
> (2) Contracts to supply services or things **in** this State;
> (3) Causes tortious injury in the State by an act or omission
> **in** this State;
> (4) Causes tortious injury in the State or outside of the State
> by an act or omission outside the State if the person
> regularly does or solicits business, engages in any other
> persistent course of conduct **in** the State or derives
> substantial revenue from services, or things used or
> consumed **in** the State;

10 Del. C. § 3104(c)(1)-(4) (emphasis added).  With the exception of (c)(4), the

long-arm statute requires a showing of specific jurisdiction. See Shoemaker v.

McConnell, 556 F. Supp. 2d 351, 354, 355 (D. Del. 2008).  Subsection (4) confers

general jurisdiction, which requires a greater number of contacts, but allows the

exercise of personal jurisdiction even when the claim is unrelated to the forum contacts.

3

*See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991).

If defendant is found to be within the reach of the long-arm statute, the court then must analyze whether the exercise of personal jurisdiction comports with due process, to wit, whether plaintiff has demonstrated that defendant "purposefully avail[ed] itself of the privilege of conducting activities **within the forum State**," so that it should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citations omitted) (emphasis added). For the court to exercise specific personal jurisdiction consistent with due process, plaintiff's cause of action must have arisen from the defendant's activities in the forum State. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). For the court to exercise general personal jurisdiction consistent with due process, plaintiff's cause of action can be unrelated to defendant's activities in the forum State, so long as defendant has "continuous and systematic contacts with the forum state." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1470 (D. Del. 1991).

## B. Induced and Joint Infringement

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

4

(2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." To demonstrate inducement of infringement, the patentee must establish, first, that there has been direct infringement and, second, that the alleged infringer had "knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, —— U.S. ——, 131 S. Ct. 2060, 2068 (2011). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the

5

direct infringer's activities." *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part).

In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 695–96 (D. Del. 2011). Joint infringement will only lie, however, "if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, i.e., the 'mastermind.'" *Muniauction*, 532 F.3d at 1329 (citing *BMC Res. Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380–81 (Fed. Cir. 2007)). This "control or direction" standard is "satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id.* at 1330 (citation omitted). If such evidence is lacking, the court will not "unilaterally restructure the claim or the standards for joint infringement to remedy [ ] ill-conceived claims" requiring multiple parties to perform different acts within one claim. *BMC Res.*, 498 F.3d at 1381 (citation omitted).

## IV. ANALYSIS

### A. Personal Jurisdiction

Plaintiffs advance several theories in support of asserting personal jurisdiction over Sendai, based on the following facts.[1] Sendai is a wholly owned subsidiary of

---

[1]The parties do not dispute that Sendai itself conducts no business in Delaware, and has no presence - in terms of employees, officers, facilities, documents, funds, or

defendant Nikon Corporation; all of the Nikon defendants are "Nikon Group Companies" within "the Imaging Company" (alternative nomenclature for Nikon Corporation). (D.I. 35, ex. H)

Sendai manufactures DSLR cameras and sells them to Nikon Corporation in Japan. These cameras are then sold throughout the United States, including Delaware. (D.I. 34 at 2) The cameras offer menus in 20 languages (including English) and world time zones (including United States time zones). (D.I. 34 at 3-4; D.I. 35, ex. E; D.I. 36 at 8)

Defendants Nikon Corporation and Nikon Inc. maintain websites in English targeting the United States. Nikon Corporation's websites provide information on key features and specifications, product brochures, and user's manuals for Nikon cameras, which allow English configurations and contact information for technical support, service and repair. (D.I. 35, exs. A-E) Nikon Inc.'s websites also provide information about the Nikon Store and a list of authorized dealers in the United States, including Delaware. (D.I. 35, exs. F, G)

Nikon Corporation holds a leading market share of DSLR camera sales. (D.I. 34 at 2; D.I. 35, ex. H) According to plaintiffs, "it is reasonable to conclude that Sendai derives substantial revenue form the sale of its infringing products in Delaware. (D.I. 34 at 5) Plaintiffs first argue that general jurisdiction is satisfied based on Sendai's agency relationship with Nikon Corporation and/or Nikon Inc., and because Sendai Corporation derives substantial revenue from the sale of infringing products within

---

any other personal or real property - in Delaware. (*See* D.I. 27, ¶ 6)

Delaware. "Agency theory" is one of two theories under which a defendant company may be subject to personal jurisdiction in Delaware by virtue of the court's personal jurisdiction over the defendant company's affiliate.[2] *See C.R. Bard, Inc. v. Guidant Corp.,* 997 F. Supp. 556, 559 (D. Del. 1998). "Under the agency theory, the court may attribute the actions of a subsidiary company to its parent where the subsidiary acts on the parent's behalf or at the parent's direction." *Id.* at 560; *see also Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1464 (D. Del. 1991) (under the agency theory, "only the precise conduct shown to be instigated by the parent is attributed to the parent"); *Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338, 347-48 (D. Del. 2009) (attributing the sales activities of a Delaware subsidiary to its parent company for purposes of establishing personal jurisdiction over the parent company, as the parent directed the subsidiary's sales activities). The agency theory may be applied not only to parents and subsidiaries, but also to companies that are "two arms of the same business group," operate in concert with each other, and enter into agreements with each other that are nearer than arm's length. *See Cephalon, Inc.*, 629 F. Supp. 2d at 348; *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,* 863 F. Supp. 186, 188-89 (D. Del. 1993).

The record at bar does not indicate that Sendai is the principal in an agency relationship with any of the other defendants but, rather, indicates the contrary. Sendai is a subsidiary of Nikon Corporation and manufactures cameras at the direction of (and sells the cameras to) its parent, Nikon Corporation, in Japan. (D.I. 27 at ¶¶ 5, 7-9)

---

[2]Plaintiffs do not advance the second theory, that is, the "alter ego theory."

Moreover, there is no indication of record that Sendai has any direct business dealings with either Nikon Inc. or Nikon Americas Inc. (D.I. 27, ¶ 12) Because Sendai's conduct is directed by its parent and is limited to activities in Japan, plaintiffs have not asserted sufficient contacts to establish personal jurisdiction over Sendai under the agency theory.

Plaintiffs also assert jurisdiction under a "dual jurisdiction theory for stream-of-commerce activities in which subsections (1) and (4) of Delaware's long-arm statute are partially satisfied." (D.I. 34 at 6) Dual jurisdiction may be established "when a manufacturer has sufficient general contacts with Delaware and the plaintiffs' claims arise out of those contacts." *Belden Technologies, Inc. v. L.S. Corp.,* 829 F. Supp. 2d 260, 267 (D. Del. 2010) (*citing Boone v. Oy Partek Ab*, 724 A.2d 1150, 1158 (Del. Super. 1997)). The dual jurisdiction analysis requires a showing of both: (1) an intent to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiffs' cause of action arises from injuries caused by that product. *See Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 371 (D. Del. 2008).

In this regard, plaintiffs argue that Sendai satisfies both prongs of Delaware's dual jurisdiction theory, based on its contention that: (1) Sendai manufactures the accused cameras with the intent to serve the United States market, including Delaware, as evidenced by the camera's "United States-specific configurations;" and (2) the accused cameras are actually sold in Delaware and Sendai derives substantial revenues from those sales." (D.I. 34 at 7)

The court acknowledges that the accused cameras are available for sale in

9

Delaware. (*See* D.I. 35, ex. G)  There is no indication in the record, however, that Sendai has the requisite intent to sell the products it manufactures to Delaware.  Its manufacturing operations are directed by its parent, Nikon Corporation, in Japan.  It sells its finished products exclusively to its parent, Nikon Corporation, in Japan.  The website it maintains is in Japanese and products cannot be purchased through it.  (D.I. 27 at ¶ 10)  The cameras themselves offer menus in some 20 languages and world time zones.  (D.I. 35, ex. E)  The court has not heretofore exerted dual jurisdiction over a foreign subsidiary based on such attenuated facts, and declines to do so in this case. Because plaintiffs have not established personal jurisdiction over Sendai under Delaware's long-arm statute, the court need not address whether the exertion of such jurisdiction satisfies the Due Process Clause.

The court also declines to permit jurisdictional discovery.  Such discovery is appropriate only if a plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'"  *Toys "R" Us, Inc. v. Step Two, S.A.* 318 F.3d 446, 456 (3d Cir. 2003). As Sendai is a Japanese corporation doing business solely in Japan with its parent, Nikon Corporation, plaintiffs have not proffered sufficient allegations to justify further discovery.  Sendai's motion to dismiss for lack of personal jurisdiction is granted.

## B. Induced and Joint Infringement

Plaintiffs allege in their amended complaint that defendants knew of the patents-in-suit[3] and indirectly infringed them (and continue to do so) by "contracting with others

---

[3]The patents-in-suit are United States Patent Nos. 6,121,960 ("the '960 patent"); 6,181,836; 6,221,686; 6,979,587; and 7,733,368.  Defendants Nikon Americas Inc, and

to market and sell infringing products with the knowledge and intent to facilitate
infringing sales of the products by others within this District and by creating and/or
disseminating instructions and other materials for the products with like mind and
intent." (D.I. 23 at ¶ 9) Specifically for each patent-in-suit, defendants "either alone or
in conjunction with others, ha[ve] infringed and/or knowingly and intentionally induced
others including its customers to infringe . . . by making, using, offering to sell, selling
and/or importing in or into the United States . . . ." (D.I. 23 at ¶¶ 29, 33, 37, 41, 45)
Moreover, defendants "possessed, and continue[] to possess, the specific intent to
encourage others, including its customers, to infringe the [patents-in-suit]." (D.I. 23 at
¶¶ 30, 34, 38, 42, 46) For each patent-in-suit, plaintiffs describe the infringing products
and include a specific example.[4]

Consistent with the court's analysis in *Walker Digital LLC v. Facebook, Inc.*,
plaintiffs' claims of induced infringement are facially plausible and provide defendants
with adequate notice. 852 F. Supp. 2d 559, 565-566 (D. Del. 2012). Here, plaintiffs
have sufficiently identified, for purposes of Rule 8, that defendants' customers directly
infringe, that defendants encourage the infringement through their marketing and
selling, and that defendants had the requisite knowledge. *Id.*

With respect to joint infringement, plaintiffs argue that the amended complaint

---

Nikon, Inc have had knowledge of the patents-in-suit since the filing of the original
complaint in this lawsuit. Defendant Nikon Corporation has had knowledge of the
patents-in-suit since the filing of the amended complaint.

[4]For example, plaintiffs allege infringement of the '960 patent 6,121,960 by
"digital imaging products (including but not limited to Nikon's Coolpix S4100 and S6100
cameras) . . . ." (D.I. 23 at ¶ 29)

11

"alleges sufficient facts to allow . . . a reasonable inference that the Nikon entities act alone and together to infringe." (D.I. 32 at 2)  Plaintiffs specified the relationship between Nikon Corporation and Sendai, as parent and wholly owned subsidiary, with one controlling the other. (D.I. 23 at ¶¶ 4, 9; D.I. 32 at 9)  Plaintiffs further alleged that Nikon Corporation maintains a website, which offers product information and user manuals, as well as contact information for service and technical support; therefore, an inference that at least defendant Nikon Corporation acts as a mastermind over the other defendants and/or its customers is reasonable. (D.I. 23 at ¶¶ 6, 9; D.I. 32 at 8-9) For each patent-in-suit, defendants "either alone or in conjunction with others" infringed and/or encouraged its customers to infringe. (D.I. 23 at ¶¶ 29, 33, 37, 41, 45; D.I. 32 at 9)

As the court has found that it lacks personal jurisdiction over Sendai, plaintiffs allegations that defendant Nikon Corporation, as a parent company, controls the distribution of the accused products manufactured by Sendai may not be used for a showing of joint infringement.  Plaintiffs have not alleged any relationship between the remaining defendants that could plausibly lead to a showing that Nikon Corporation exercises control or direction over its co-defendants.[5]  *See Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 534-535 (D. Del. 2011). Moreover, there are no proffered facts showing how each defendant would perform some of the steps of the

_____

[5]Maintenance of an informational website does not pass muster for the required showing of control or direction. While the defendants' names all have "Nikon" in common, this is also not sufficient for a showing of "control or direction" or that one defendant could be held vicariously responsible for the acts of the other. *See Muniauction*, 532 F.3d at 1329-30.

12

patent claims. *Id.* Consequently, plaintiffs' complaint does not sufficiently identify a claim for joint infringement.[6]

## V. CONCLUSION

For the reasons discussed above, Sendai's motion to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss plaintiffs' claims for induced and joint infringement is granted as to personal jurisdiction and defendants' motion to dismiss plaintiffs' claims for induced and joint infringement is granted as to joint infringement and denied as to induced infringement.

An appropriate order shall issue.

---

[6]The court concludes that discovery is not warranted on this issue.

13