**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, and INTELLECTUAL VENTURES II LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NIKON CORPORATION, NIKON AMERICAS INC., and NIKON INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> C.A No. 11-1025-SLR |

**MOTION OF DEFENDANTS NIKON CORPORATION, NIKON AMERICAS INC., AND NIKON INC. FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 1, 7, 12, 26, AND 28-29 OF U.S. PATENT NO. 6,121,960**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and as authorized by the Court's September 15, 2014 response to the E-Mail Request for Emergency Relief submitted by Defendants Nikon Corporation, Nikon Americas Inc., and Nikon Inc., (collectively, "Nikon"), Nikon respectfully moves for summary judgment of invalidity of certain claims of U.S. Patent No. 6,121,960 ("the '960 patent) asserted by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV").

Specifically, Nikon moves for summary judgment of invalidity of claims 1, 7, 12, 26, and 28-29 of the '960 patent ("the adjudicated '960 patent claims") for at least the same reasons articulated by this Court when it held those claims to be invalid in *Intellectual Ventures I LLC et al. v. Canon, Inc., et al.*, C.A. No. 11-792-SLR ("the Canon suit") (D.I. 252, 253), which reasons are fully incorporated herein by reference. In particular, in the Canon suit this Court held that claims 1, 7, 12, 26, and 28-29 are indefinite and that claim 12 lacks written description, and that those claims therefore are invalid under 35 U.S.C. § 112. (*See* D.I. 252 at 3-9.)  For at least those same reasons, Nikon moves for summary judgment of invalidity of the adjudicated '960

patent claims in this action. [1,2]

There are no genuine issues of material fact, judgment in Nikon's favor should be entered as a matter of law, and consistent with the Court's ruling in the Canon suit, the Court should enter summary judgment of invalidity in this case as well.  Furthermore, IV should be estopped from contesting the invalidity of the adjudicated '960 patent claims in this case because IV had a full and fair opportunity to litigate the validity of those claims in the Canon suit, and the Court entered summary judgment of invalidity with respect to those claims.  *See Blonder Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 330-350 (1971); *Cephalon, Inc. v. Impax Labs.*, Civ. No. 11-1152-SLR, 2012 U.S. Dist. LEXIS 126785 (D. Del. Sept. 6, 2012).  While the Court's judgment has not yet become final as a procedural matter, the parties in the Canon suit have already submitted their post-trials briefs, and IV has not challenged any aspect of the Court's ruling of invalidity of the adjudicated '960 patent claims.  Thus, the Court's ruling of invalidity of the adjudicated '960 patent claims will become final without modification when the Court enters judgment in the Canon suit.

For the foregoing reasons, Nikon respectfully requests that the Court grant its motion for summary judgment of claims 1, 7, 12, 26, and 28-29 of the '960 patent.

---

[1]   For the purposes of this motion only, Nikon relies on and incorporates herein by reference the arguments advanced by Canon in its claim construction briefs and summary judgment motion, and supporting papers thereto (D.I. 150, 157, 167, 176, 177, 200) which led to the Court's rulings set out above.

[2]   Nikon expressly reserves the right to assert and pursue any other grounds or arguments for invalidity of claims 1, 7, 12, 26, and 28-29 (and any other claims that IV might assert) of the '960 patent, should the Court's ruling be reversed in whole or in part.

| | |
|---|---|
| *Of Counsel:*<br><br>Jesse J. Jenner<br>Laurence S. Rogers<br>Stuart W. Yothers<br>Andrew T. Radsch<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9000<br>jesse.jenner@ropesgray.com<br>laurence.rogers@ropesgray.com<br>stuart.yothers@ropesgray.com<br>andrew.radsch@ropesgray.com<br><br>Hiroyuki Hagiwara<br>ROPES & GRAY LLP<br>Yusen Building 2F<br>3-2 Marunouchi 2-Chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan<br>81-3-6259-3500<br>hiroyuki.hagiwara@ropesgray.com<br><br>Dated: October 1, 2014 | ASHBY & GEDDES<br><br>*/s/ Tiffany Geyer Lydon*<br>_____<br>Steven J. Balick (#2114)<br>Tiffany Geyer Lydon (#3950)<br>Andrew C. Mayo (#5207)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashby-geddes.com<br>tlydon@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>*Attorneys for Defendants* |