IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC and INTELLECTUAL VENTURES II LLC,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>NIKON CORPORATION, NIKON AMERICAS INC., and NIKON INC.,<br><br>    **Defendants.** | Civil Action No. 11-CV-1025-SLR-SRF |

**PLAINTIFFS' RESPONSE TO NIKON'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 1, 7, 12, 26, AND 28-29 OF U.S. PATENT NO. 6,121,960**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "IV") hereby respond to and oppose Defendants Nikon Corporation, Nikon Americas Inc., and Nikon Inc.'s (collectively, "Nikon") motion for summary judgment of invalidity of certain claims of U.S. Patent No. 6,121,960 ("the '960 patent") asserted by IV in this action. (*See* D.I. 125.)

Nikon's motion for summary judgment of invalidity of claims 1, 7, 12, 26, and 28-29 of the '960 patent ("the adjudicated '960 patent claims") relies solely on the arguments made by Canon in *Intellectual Ventures I LLC v. Canon Inc.*, C.A. No. 11-792-SLR [hereinafter "*IV v. Canon* litigation"]. (*See* D.I. 125 at 1.) Nikon's motion consists of no additional arguments.[1] IV, therefore, opposes Nikon's motion for at least the same reasons that IV opposed Canon's motion for summary judgment of invalidity of the adjudicated '960 patent claims in the Canon suit. IV specifically incorporates into the record its claim-construction and summary-judgment

---

[1] IV expressly reserves the right to respond to and contest any other grounds or arguments for invalidity of the adjudicated '960 patent claims that Nikon may advance, should the Court of Appeals modify this Court's judgment in whole or in part.

briefing, including all references attached thereto, and its arguments made at the Court's February 21, 2014 hearing. (*See IV v. Canon* litigation, D.I. 144, 145, 153, 154, 185, 186, 187, 188.) In particular, IV explicitly incorporates by reference its arguments that claims 1, 7, 12, 26, and 28-29 are not invalid as indefinite and that claim 12 is not invalid as lacking written description for at least the following reasons:[2]

- The terms "a computing device for providing a main image"[3] and "means for computing, the means for computing providing a main image"[4] should not be construed under § 112, ¶ 6, because these terms connote sufficiently definite structure-a computer-to those skilled in the art. But even under § 112, ¶ 6, the specification need not disclose an algorithm or explain how the main image is provided in order to be sufficiently definite, because no special programming is required to "provide" a main image. Thus, even under a § 112, ¶ 6 analysis, the lack of an algorithm or explanation for providing a main image does not render these claims indefinite.

- The meaning of "clear space around a blended area to highlight the area of blending"[5] is evident from the face of the claim – the claim itself explains that a "clear space" is a space that appears to be clear of the main image and the key, such that it highlights the area of the blending. Moreover, the specification explains one way that a "clear space" can be realized is through the use of different colors: "a color difference can be imparted to the pixels of either the keyboard overlay or the underlying image, or both, to highlight the difference between the two." In addition, Claim 12 was filed with the original patent application and includes an explicit definition of "clear space" as an area "around a blended area to highlight the area of blending." Finally, the term "clear space" is commonly used in the field of image processing and graphics, and a person of ordinary skill in the art would understand that this term refers to a region that does not depict either the background or overlaid image. Therefore, claim 12 should not be found invalid as indefinite.

(*See, e.g.*, *IV v. Canon* litigation, D.I. 144 at 20-30, D.I. 153 at 13-15, D.I. 185 at 36-41.) For at least the reasons outlined above and all other bases set forth in the Canon suit, IV opposes Nikon's motion for summary judgment of invalidity of the adjudicated '960 patent claims.

---

[2] This is intended only to summarize the bases for IV's opposition to Canon's and Nikon's motions for summary judgment of invalidity – it in no way limits the grounds on which IV opposed Canon's motion and currently opposes Nikon's motion.
[3] '960 patent, Claim 1.
[4] '960 patent, Claim 26.
[5] '960 patent, Claim 12.

IV also opposes Nikon's argument that IV should be estopped from contesting the validity of the adjudicated '960 patent claims in this case. As noted in Nikon's motion, the Court's judgment in the Canon case has not yet become final; therefore, Nikon's argument that IV is collaterally estopped is inappropriate and untimely. *See, e.g.*, *Burlington Northern R. Co. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1232 (3d Cir. 1995) ("The prerequisites for the application of issue preclusion are satisfied when . . . (3) [the issue was] determined by a ***final and valid judgment*** . . . .") (emphasis added); *see also* 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4434 (2d ed. 2014) ("While preclusion thus ***may*** be extended to rulings that will become eligible for appellate review only at some time in the future, ***it is clear that the inability to secure present review should be weighed carefully***.") (emphasis added). Moreover, the Court's September 15, 2014 response to the E-Mail Request for Emergency Relief rejected Nikon's estoppel argument, specifically noting that "a ruling on the merits is the more appropriate resolution."

For the foregoing reasons, IV respectfully requests that the Court deny Nikon's motion for summary judgment of invalidity of claims 1, 7, 12, 26, and 28-29 of the '960 patent.

Date: October 20, 2014                         Respectfully submitted,

                                               FARNAN LLP

                                                /s/ Brian E. Farnan
                                               Brian E. Farnan (Bar No. 4089)
                                               919 N. Market Street, 12th Floor
                                               Wilmington, Delaware 19801
                                               (302) 777-0300
                                               (302) 777-0301
                                               bfarnan@farnanlaw.com

                                               John M. Desmarais (admitted *pro hac vice*)
                                               Alan S. Kellman (admitted *pro hac vice*)

Justin P.D. Wilcox (admitted *pro hac vice*)
John C. Spaccarotella (admitted *pro hac vice*)
Jeffrey S. Seddon (admitted *pro hac vice*)
Sarah Waidelich (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
jdesmarais@desmaraisllp.com
akellman@desmaraisllp.com
jwilcox@desmaraisllp.com
jspaccarotella@desmaraisllp.com
jseddon@desmaraisllp.com
swaidelich@desmaraisllp.com

*Attorneys for Plaintiffs*